IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy No. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC, and | § | Chapter 11 |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| DUSTIN ETTERS, | § | |
| | § | |
| Plaintiff. | § | Adversary No. 25-03382 |
| v. | § | |
| | § | |
| JEROD P. FURR, ET AL, | § | |
| | § | |
| | § | |
| Defendants, | § | |

**TRUSTEE'S EMERGENCY MOTION FOR ORDER
(I) CONTINUING RULE 16 CONFERENCE, (II) ABATING ALL DEADLINES
REGARDING SAME AND (III) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.
EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE AN EMERGENCY HEARING ON THIS MOTION ON JULY 7, 2025 AT 4:00 P.M. BY AUDIO AND VIDEO CONNECTION. YOU MAY ACCESS THE FACILITY BY DIAL-IN TELEPHONE NO: 832-917-1510 AND ENTERING THE CONFERENCE CODE 282694. VIDEO PARTICIPATION WILL BE BY GOTOMEETING VIDEO LINK: HTTPS://MEET.GOTO.COM/JUDGEPEREZ.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Tom A. Howley ("**Howley**"), in his capacity as the chapter 11 trustee (the "**Trustee**") in the above-numbered and styled bankruptcy proceedings (the "**Chapter 11 Cases**"), hereby files this emergency motion (the "**Motion**") in above-referenced adversary proceeding ("**Adversary Proceeding**") for entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) continuing the Rule 16 conference for at least thirty (30) days, and (b) abating all deadlines and discovery related to same and in support hereof, respectfully states as follows:

### RELIEF REQESTED

1. The Trustee seeks entry of an order, substantially in the form attached hereto (the "**Abatement Order**"), granting the following relief:

   a. Continuing the Rule 16 conference on July 23, 2025 for at least thirty (30) days;

   b. Abating all deadlines and discovery related to this Adversary; and

   c. Any related relief.

### JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are sections 105(a), and 105(d) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), Rule 7016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 7016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

**BACKGROUND**

**Main Bankruptcy Cases**

4. On January 7, 2025 (the "**AFR Petition Date**"), the Alliance Farm and Ranch, LLC (the "**AFR Debtor**") commenced its bankruptcy case (the "**AFR Case**") under chapter 7 of title 11 of the Bankruptcy Code. On March 17, 2025, the AFR Debtor filed its *Emergency Motion to Convert Case to Chapter 11* (the "**Chapter 11 Conversion Motion**"). [DE 13]. On March 19, 2025, the Court entered its order granting the Chapter 11 Conversion Motion. [DE 24].

5. On April 7, 2025 (the "**AEP Petition Date**"), the Alliance Energy Partners, LLC (the "**AEP Debtor**" and together with the AFR Debtor, the "**Debtors**") commenced its bankruptcy case (the "**AEP Case**" and together with the AFR Case, the "**Chapter 11 Cases**").

6. On May 7, 2025, the United States Trustee filed its *Notice of Chapter 11 Bankruptcy Case* (the "Notice of Bankruptcy Case") [DE 73]. The Notice of Bankruptcy Case set the meeting of creditors (the "**341 Meeting**") for June 2, 2025, at 2:00 p.m. The 341 Meeting was subsequently rescheduled for June 16, 2025, at 1:00 p.m. The 341 Meeting was commenced and continued until June 25, 2025 at 1:00 p.m. The Notice of Bankruptcy Case established the deadline for a governmental unit to file a proof of claim as November 3, 2025. The Notice of Bankruptcy Case did not establish a deadline for filing general proofs of claim.

7. On May 12, 2025, the United States Trustee filed its *Notice of Appoint of Committee of Unsecured Creditors* [DE 77] appointing an official committee of unsecured creditors of the Debtors (the "**Committee**").

8. On May 22, 2025, the Committee filed its Emergency Motion for Appointment of Chapter 11 Trustee (the "**Trustee Motion**") [DE 98]. On May 23, 2025, the Court entered its order granting the Trustee Motion [DE 112]. On May 27, 20025, the United States Trustee filed its

3

*Emergency Motion to Approve Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 115] On May 27, 2025, the Court entered its *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 117].

9. On May 30, 2025, the Trustee filed his *Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Erik and Darla Ostrander and (II) Granting Related Relief* (the "**Settlement Motion**") [DE 121]. The Settlement Motion sought approval of a settlement resolving the Debtors' litigation claims against Erik and Darla Ostrander and bringing in $1.5 million to the AFR estate. On June 3, 2025, the court entered its order approving the Settlement Motion (the "**Settlement Order**") [DE 128]. The settlement has been consummated and the $1.5 million has been deposited in the Trustee's fiduciary account.

**Adversary 25-03382**

10. On July 29, 2024, Dustin Etter ("**Plaintiff**" or "**Etter**") filed its Original Petition in the 457th District Court of Montgomery County, Texas ("**State Court Lawsuit**"). Plaintiff's current live pleading is Plaintiff's Eighth Amended Petition.

11. On May 20, 2025, Plaintiff filed its Notice of Removal regarding the State Court Lawsuit initiating the Adversary.

12. On June 2, 2025, this Court entered its Order Setting Rule 7016 Conference, Requiring Rule 7026 Meeting, Establishing Procedures for Discovery Disputes, and Emphasizing Applicability of Certain Federal Rules of Civil Procedure as made Applicable by the Federal Rules of Bankruptcy Procedure ("**Rule 16 Conference Order**"). Pursuant to the Rule 16 Conference Order, the Court set a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7016 for July 23, 2025 at 11:00 a.m. Central Time ("**Rule 16 Conference**").

13. On June 13, 2025, Plaintiff filed its Emergency Motion for Limited Expedited Discovery ("**Limited Discovery Motion**").

14. On June 16, 2025, Jerod Furr ("**Defendant**" or "**Furr**") filed its Objection to the Limited Discovery Motion.

15. Although at the time of filing the Limited Discovery Motion the Trustee was still considering his position, the Trustee opposes the Limited Discovery Motion.

16. This Court set the Limited Discovery Motion for hearing on July 7, 2025 at 4:00 p.m. Central Time ("**Hearing**").

## BASIS FOR RELIEF REQUESTED

17. The Trustee requests that the Court continue the Rule 16 Conference for at least thirty (30) days and abate all deadlines and discovery in this Adversary. As demonstrated by the Background section above, the Trustee has been acting diligently addressing numerous issues that require emergency consideration including immediate administrative requirements. The Trustee needs sufficient time to assess various issues including, but not limited to, (i) the positions and claims asserted in the Adversary; (ii) an appropriate discovery schedule; (iii) settlement possibilities and/or issues that can be resolved/narrowed in the Adversary; (iv) positions by other creditors including the Committee; and (v) the possible need for the Trustee to hire special litigation counsel in the Adversary.

18. Counsel for the UCC supports the relief requested in this Motion. Counsel for Furr does not oppose the relief requested in the Motion.

19. Counsel for Etter has filed the Limited Discovery Motion. Although the Trustee understands that counsel for Etter is anxious to move forward for his client, the Trustee does not believe there is an emergency and believes that it is more appropriate for all of the parties to be on

5

the same timetable regarding the discovery in this Adversary. Indeed, the Trustee is working with counsel for Etter, counsel for Furr, and counsel for the Committee on an informal basis to obtain information. Hopefully, the parties will have an agreed upon protective order in place soon, which will allow for the efficient sharing of information confidentially. The Trustee believes it would be inappropriate to allow one party to move forward with formal discovery, even in a limited capacity, because it will create more issues/expense and will not address any emergency even if an emergency did in fact exist.

## BASIS FOR EXPEDITED CONSIDERATION

20. Emergency consideration of this Motion is appropriate considering (i) the Limited Discovery Motion will be heard at the Hearing; (ii) the Rule 16 Conference is set for July 23, 2025; and (iii) the Trustee is acting diligently to address main case issues as well as analyze the issues in this Adversary but needs additional time before any Rule 16 Conference. Absent emergency consideration, the estates will continue to incur additional unnecessary administrative expenses.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Trustee such other and further relief as the Court may deem just and proper.

Dated: June 23, 2025                Respectfully submitted,

**HOWLEY LAW PLLC**

/s/ Eric Terry
Eric Terry - State Bar No. 00794729
HOWLEY LAW PLLC
700 Louisiana Street Suite 4545
Houston, Texas 77002
Phone: 713-333-9125
Email: eric@howley-law.com

*Proposed Trustee Counsel*

6

## CERTIFICATE OF SERVICE

I certify that on June 23, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

       */s/ Eric Terry*
       Eric Terry

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

       */s/ Eric Terry*
       Eric Terry