IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy No. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC, and | § | Chapter 11 |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| DUSTIN ETTERS, | § | |
| | § | |
| Plaintiff. | § | Adversary No. 25-03382 |
| v. | § | |
| | § | |
| JEROD P. FURR, ET AL, | § | |
| | § | |
| Defendants, | § | |

**TRUSTEE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY**

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Tom A. Howley ("**Howley**"), in his capacity as the chapter 11 trustee (the "**Trustee**") in the above-numbered and styled bankruptcy proceedings (the "**Chapter 11 Cases**"), hereby files this Response in Opposition ("**Response**") to Plaintiff's *Emergency Motion for Limited Expedited Discovery* (the "**Limited Discovery Motion**") [DE 6] in above-referenced adversary proceeding ("**Adversary Proceeding**") and in support hereof, respectfully states as follows:

## BACKGROUND

**Main Bankruptcy Cases**

1. On January 7, 2025 (the "**AFR Petition Date**"), the Alliance Farm and Ranch, LLC (the "**AFR Debtor**") commenced its bankruptcy case (the "**AFR Case**") under chapter 7 of title 11 of the Bankruptcy Code. On March 17, 2025, the AFR Debtor filed its *Emergency Motion to*

1

*Convert Case to Chapter 11* (the "**Chapter 11 Conversion Motion**"). [DE 13]. On March 19, 2025, the Court entered its order granting the Chapter 11 Conversion Motion. [DE 24].

2. On April 7, 2025 (the "**AEP Petition Date**"), the Alliance Energy Partners, LLC (the "**AEP Debtor**" and together with the AFR Debtor, the "**Debtors**") commenced its bankruptcy case (the "**AEP Case**" and together with the AFR Case, the "**Chapter 11 Cases**").

3. On May 7, 2025, the United States Trustee filed its *Notice of Chapter 11 Bankruptcy Case* (the "Notice of Bankruptcy Case") [DE 73]. The Notice of Bankruptcy Case set the meeting of creditors (the "**341 Meeting**") for June 2, 2025, at 2:00 p.m. The 341 Meeting was subsequently rescheduled for June 16, 2025, at 1:00 p.m. The 341 Meeting was commenced and continued until June 25, 2025 at 1:00 p.m. The Notice of Bankruptcy Case established the deadline for a governmental unit to file a proof of claim as November 3, 2025. The Notice of Bankruptcy Case did not establish a deadline for filing general proofs of claim.

4. On May 12, 2025, the United States Trustee filed its *Notice of Appoint of Committee of Unsecured Creditors* [DE 77] appointing an official committee of unsecured creditors of the Debtors (the "**Committee**").

5. On May 22, 2025, the Committee filed its Emergency Motion for Appointment of Chapter 11 Trustee (the "**Trustee Motion**") [DE 98]. On May 23, 2025, the Court entered its order granting the Trustee Motion [DE 112]. On May 27, 20025, the United States Trustee filed its *Emergency Motion to Approve Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 115] On May 27, 2025, the Court entered its *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 117].

6. On May 30, 2025, the Trustee filed his *Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Erik and Darla Ostrander and (II) Granting Related*

*Relief* (the "**Settlement Motion**") [DE 121]. The Settlement Motion sought approval of a settlement resolving the Debtors' litigation claims against Erik and Darla Ostrander and bringing in $1.5 million to the AFR estate. On June 3, 2025, the court entered its order approving the Settlement Motion (the "**Settlement Order**") [DE 128].

**Adversary 25-03382**

7. On July 29, 2024, Dustin Etter ("**Plaintiff**" or "**Etter**") filed its Original Petition in the 457th District Court of Montgomery County, Texas ("**State Court Lawsuit**"). Plaintiff's current live pleading is Plaintiff's Eighth Amended Petition.

8. On May 20, 2025, Plaintiff filed its Notice of Removal regarding the State Court Lawsuit initiating the Adversary.

9. On June 2, 2025, this Court entered its Order Setting Rule 7016 Conference, Requiring Rule 7026 Meeting, Establishing Procedures for Discovery Disputes, and Emphasizing Applicability of Certain Federal Rules of Civil Procedure as made Applicable by the Federal Rules of Bankruptcy Procedure ("**Rule 16 Conference Order**"). Pursuant to the Rule 16 Conference Order, the Court set a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7016 for July 23, 2025 at 11:00 a.m. Central Time ("**Rule 16 Conference**").

10. On June 13, 2025, Plaintiff filed its Emergency Motion for Limited Expedited Discovery ("**Limited Discovery Motion**").

11. On June 16, 2025, Jerod Furr ("**Defendant**" or "**Furr**") filed its Objection to the Limited Discovery Motion.

12. Although at the time of filing the Limited Discovery Motion the Trustee was still considering his position, the Trustee opposes the Limited Discovery Motion.

13. This Court set the Limited Discovery Motion for hearing on July 7, 2025 at 4:00 p.m. Central Time ("**Hearing**").

14. Contemporaneously with this Response in Opposition, the Trustee has filed his Motion for Order (i) Continuing Rule 16 Conference, (ii) Abating All Deadlines Regarding Same; and (iii) Granting Related Relief ("**Abatement Motion**").

## RESPONSE IN OPPOSITION

15. The Limited Discovery Motion should be denied. The Trustee has filed his Abatement Motion requesting that the Court continue the Rule 16 Conference for at least thirty (30) days and abate all deadlines and discovery in this Adversary. As demonstrated by the Background section above, the Trustee has been acting diligently addressing numerous issues that require emergency consideration including immediate administrative requirements. The Trustee needs sufficient time to be able to assess various issues including, but not limited to, (i) the claims and positions asserted in the Adversary; (ii) an appropriate discovery schedule; (iii) settlement possibilities and/or issues that can be resolved/narrowed in this Adversary; (iv) positions by other creditors including the Committee; and (v) the possible need for the Trustee to hire special litigation counsel in this Adversary.

16. Counsel for the UCC supports the relief requested in this Abatement Motion. Counsel for Furr does not oppose the relief requested in the Abatement Motion.

17. Although the Trustee understands that counsel for Etter is anxious to move forward for his client, the Trustee does not believe there is an emergency and believes that it is more appropriate for all of the parties to be on the same timetable regarding the discovery in this Adversary.

**PRAYER**

WHEREFORE, the Trustee respectfully requests that the Court deny the Limited Discovery Motion, grant the Trustee's Abatement Motion, and grant the Trustee such other and further relief as the Court may deem just and proper.

Dated: June 23, 2025

Respectfully submitted,

**HOWLEY LAW PLLC**

/s/ Eric Terry
Eric Terry - State Bar No. 00794729
HOWLEY LAW PLLC
TC Energy Center
700 Louisiana Street Suite 4545
Houston, Texas 77002
Phone: 713-333-9125
Email: tom@howley-law.com
Email: eric@howley-law.com

*Proposed Trustee Counsel*

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Eric Terry
Eric Terry