IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DUSTIN ETTER** | § | |
| | § | |
| v. | § | Adversary Case No. 25-03382 |
| | § | |
| **JEROD P. FURR, et al.** | § | |

### PLAINTIFF'S RESPONSE TO TRUSTEE'S MOTION TO ABATE

Plaintiff Dustin Etter files this Response to Trustee's Motion [to Abate] (Doc. 11).

1. Plaintiff is unopposed to extending or abating deadlines applicable to the Trustee. And like the Trustee, Plaintiff is hopeful that the parties may be able to resolve issues regarding obtaining and exchanging documents which may in turn resolve Plaintiff's immediate concerns. However, Plaintiff opposes a total abatement, particularly as to limited discovery which should not require significant involvement from the Trustee.

2. Defendant Mr. Furr has treated the funds and other assets of the Debtors and of Debtors' non-bankrupt affiliates including AE Partners Holdings, Inc. ("AEPH") and Invictus Drilling Motors, LLC ("Invictus") as a once-in-a-lifetime windfall that he has rapidly spent on lavish lifestyle expenses or transferred to himself. This includes hundreds of thousands of dollars since this litigation was originally filed in July 2024 and significant sums even since the bankruptcy was filed in January 2025. There is nothing to show that this pattern has stopped. In fact, Defendant Mr. Furr's counsel has not responded to and implicitly rejected the following proposal to go with an agreed abatement:

> From 5/1/2025 through 10/1/2025, Jerod Furr and Corrina Furr have not and will not spend, dispose of, or transfer—other than to the Trustee or as authorized by an order of the bankruptcy court—any funds which either of them directly or indirectly received from Alliance Farm & Ranch, LLC, Alliance Energy Partners, LLC, Invictus Drilling Motors, LLC, or AE Partners Holdings, Inc.

3. Plaintiff has information and belief that Defendant Mr. Furr will not agree to this because he has continued to fund his unsustainably-lavish lifestyle—a lifestyle he only adopted around 2021 after AEP first received significant payments that Defendant Mr. Furr then started spending—primarily from the remnants of what he misappropriated from the Debtors and their non-bankrupt affiliates rather than from his current income. Because the funds that Defendant Mr. Furr has been able to extract from the Debtors and their non-bankrupt affiliates are likely a once-in-a-lifetime windfall, it is likely that once Defendant Mr. Furr manages to spend the money, either it will not be collectable or will only be collectable through a payment plan over an extended period of time.

4. Furthermore, since the time this litigation was in state court, Defendant Mr. Furr has engaged in a repetitive pattern of resisting and delaying providing information about funds misappropriated from the business of Debtor AEP and its non-bankrupt affiliates to give himself time to transfer and spend the funds. It just needs to stop.

5. While Plaintiff appreciates the Trustee's concerns about costs to the Debtors and common deadlines, those concerns can be addressed using means other than delaying the production of documents which will likely show that Defendant Mr. Furr has recently spent funds of the Debtors and their non-bankrupt affiliates and likely continues to do so. The Trustee's desire for more time to evaluate this litigation and Mr. Etter's desire to more quickly obtain information about recent movements of funds in dispute are not mutually exclusive and can and should both be satisfied.

## PRAYER

Plaintiff requests and prays that the Trustee's Motion be granted only in part and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By: /s/ Noah Meek
_____
Noah E. W. Meek
State Bar No. 24084554
Email: nmeek@irelanlaw.com
2520 Caroline St., 2nd Floor
Houston, Texas 77004
Phone: (713) 222-7666
Fax:    (713) 222-7669

**ATTORNEYS FOR PLAINTIFF
DUSTIN ETTER**

**CERTIFICATE OF SERVICE**

This is to certify that on July 2, 2025, a true and correct copy of this instrument was served upon all parties in compliance with the Federal Rules of Bankruptcy Procedure.

/s/ Noah Meek
_____
Noah Meek