IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUSTIN ETTER | § | |
| | § | |
| v. | § | Adversary Case No. 25-03382 |
| | § | |
| JEROD P. FURR, et al. | § | |

**PLAINTIFF'S SUPPLEMENT TO
PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY**

Plaintiff Dustin Etter files this Supplement to Plaintiff's Motion for Limited Expedited Discovery addressing certain matters mentioned or raised at the 7/7/2025 hearing.

1. To reiterate, "the house is on fire." On 7/8/2025, which was coincidentally the day after the 7/7/2025 hearing, Plaintiff obtained additional bank records which show, among other things, that on 2/3/2025, Jerod Furr transferred $300,000 from Debtor AEP's Truist bank account to the account ending in 3493 of his entity J. Parker Construction, LLC.[1] **Doc. 20-1** (bank statement showing the transfer to account 3493); **Doc. 20-2** (bank statement showing that 3493 is an account of J. Parker Construction); **Doc. 20-3** (Texas Secretary of State Filing for J. Parker Construction, LLC). So yet again, Defendant Mr. Furr is emptying a bank account of a Debtor within 90 days of filing for bankruptcy. This is also after Defendant Mr. Furr stated under oath in this case on 12/11/2024 when it was still pending in state court that "I have no choice but to place Alliance Energy Partners, LLC into bankruptcy." **Doc. 20-4**. Although this particular transaction happens to be from a Debtor and any rights related to it would belong to the Trustee rather than Plaintiff Mr. Etter, it was only discovered as quickly as it was through the efforts of Plaintiff Mr. Etter in subpoenaing the records and using his greater familiarity with the business and with

---

[1] Mr. Furr's full name is Jerod Parker Furr. So J. Parker is Mr. Furr's first initial and middle name.

**1** of 4

Defendant Mr. Furr's personal affairs to quickly identify apparent misappropriation from the Debtors or affiliates.

2. Attached as **Doc. 20-5** is an organization chart prepared by Defendant Mr. Furr who emailed it to Plaintiff Mr. Etter in early 2022 showing the relationship between Debtor Alliance Energy Partners, LLC ("AEP") and its affiliates following the April 2022 restructure. AEP's parent company AE Partners Holdings, Inc. ("AEPH") is not in bankruptcy. AEP owns no equity in its sister company Invictus Drilling Motors, LLC ("Invictus"), which is also not bankrupt, as also shown by its company agreement attached as **Doc. 20-6**. In addition to his individual claims, Mr. Etter has claims derivative of non-bankrupt entities including against Debtor Alliance Farm, Jerod Furr, and others.

3. Defendant Mr. Furr made hundreds of thousands of dollars of transfers from Debtor AEP and its non-bankrupt affiliates AEPH and Invictus to Debtor AFR and ultimately to himself, just since the start of 2024. A non-exhaustive summary of large known transfers in 2024 and January 2025 ultimately funneling down to Mr. Furr's account ending in 2389 is shown below:

|  | AEP to AFR | Invictus to AFR | AEPH to AFR | AFR to 2389 |
|---|---|---|---|---|
| Jan 2024 | $40,000 |  |  | $4,000 |
| Feb 2024 |  | $40,000 | $10,000 | $50,000 |
| Mar 2024 | $20,000 | $24,000 | $10,000 |  |
| Apr 2024 | $20,000 |  |  |  |
| May 2024 |  |  |  |  |
| Jun 2024 |  |  |  | $4,000 |
| Jul 2024 |  |  | $6,500 | $5,000 |
| Aug 2024 |  |  | $11,000 | $9,000 |
| Sep 2024 |  |  | $10,000 | $17,000 |
| Oct 2024 | $35,000 |  |  | $16,500 |
| Nov 2024 |  | $2,800 | $130,000 | $17,000 |
| Dec 2024 |  |  | $60,000 | $9,000 |
| Jan 2025 |  |  |  | $70,000 |
| **TOTAL** | **$115,000** | **$66,800** | **$237,500** | **$147,500** |

These amounts come from bank statements from AFR's main bank account ending in 7412, which are attached as **Doc. 20-7**. As one readily sees, a clear majority of these transactions ($304,300 vs. $115,000) funneling money to AFR—and ultimately to Defendant Mr. Furr personally in his account ending in 2389—come from Invictus and AEPH, which are not debtors in bankruptcy or owned or controlled by a debtor. Each of these self-dealing transfers to AFR is presumptively voidable under Texas law. *E.g., Jung Fu Chien v. Chen*, 759 S.W.2d 484, 495 (Tex. App.—Austin 1988, no writ)[2]. Also, not all of the money that went into AFR went to direct payments to Defendant Mr. Furr because Defendant Mr. Furr was largely living out of AFR and using AFR's accounts to pay his personal and family living and lifestyle expenses. Although the claims of Invictus and AEPH—which Defendant Mr. Furr is entitled to pursue derivatively—are in some cases related to or at least similarly-situated with claims of AEP, they do not belong to the bankruptcy estate and are not under the control of the Trustee.

4.  Plaintiff does not dispute the Trustee's faithfulness or diligence in carrying out the Trustee's duties at this point. But Plaintiff has greater knowledge than the trustee on the specifics of the business in many areas. Additionally, the trustee's duties simply do not include looking out for the interests of non-debtor affiliates like AEPH or Invictus. Furthermore, $304,300 is obviously a much bigger amount of money than $115,000 and most of the transfers out of the non-debtor entities happened more recently. Also, while the Debtors are in bankruptcy and under court supervision, AEPH and Invictus are not.

---

[2] Although the merits of these claims are not the subject of this filing, Plaintiff maintains that neither Defendant Mr. Furr nor Debtor AFR have any realistic way of meeting their burden of proof to show that these self-dealing transactions were proper, and the ultimate result will be that Debtor AEP and Plaintiff Mr. Etter—who are similarly situated here—will have at worst ordinary general creditor claims against Debtor AFR for these amounts in addition to various other amounts (i.e. at least $1,000,000 indisputably owed by AFR to AEP) that Debtor AFR would owe.

So it would be entirely reasonable for Plaintiff Mr. Etter to want to invest more resources, and more quickly, in trying to prevent the dissipation of $304,300+ out of entities which are not currently under court supervision than it would be for the Trustee to want to do so with respect to a smaller sum.

5.     And to reiterate, the discussion above is not intended as an exhaustive discussion of Plaintiff Mr. Etter's claims or even his largest claims. Rather the claims discussed above are examples of relatively low-hanging fruits in the forms of claims which are easy to quantify and which arose from relatively-recent actions of Defendant Mr. Furr.

### PRAYER

Plaintiff requests and prays that this Motion be granted and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By: /s/ Noah Meek
_____
Noah E. W. Meek
State Bar No. 24084554
Email: nmeek@irelanlaw.com
2520 Caroline St., 2nd Floor
Houston, Texas 77004
Phone:  (713) 222-7666
Fax:      (713) 222-7669

**ATTORNEYS FOR PLAINTIFF
DUSTIN ETTER**

### CERTIFICATE OF SERVICE

This is to certify that on July 17, 2025, a true and correct copy of this instrument was served upon all parties in compliance with the Federal Rules of Bankruptcy Procedure.

/s/ Noah Meek
_____
Noah Meek