IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DUSTIN ETTER** § | |
| § | |
| v. § | Adversary Case No. 25-03382 |
| § | |
| **JEROD P. FURR, et al.** § | |

### PLAINTIFF'S MOTION CHALLENGING DESIGNATIONS OF CONFIDENTIALITY

Plaintiff Dustin Etter files this Motion Challenging Designations of Confidentiality which were informally made by Defendant Jerod Furr.

1. At the 7/22/2025 status conference in this case, Defendant Jerod Furr informally designated as Confidential-Attorney's Eyes Only bank statements from Mr. Furr's bank account at Frost Bank with account number ending in 2389. A protective order has been entered in the main case (Case No. 25-30155), but Mr. Furr apparently has not signed the protective order to date.

2. Plaintiff challenges both the attorney's eyes only designation and the base designation of confidentiality for the bank statements. It is well-established that if a designation of confidentiality is challenged, the party asserting confidentiality bears the burden of proof. *See McBride v. Hobby Lobby Stores, Inc.*, No. SA-18-CV-00197-XR, 2018 U.S. Dist. LEXIS 171662, at *5 (W.D. Tex. 2018); see also *King v. Enter. Leasing Co. of DFW*, No. 3-05-CV-0026-D, 2006 U.S. Dist. LEXIS 116254, at *3 (N.D. Tex. 2006). That burden must be met with evidence and cannot be met with argument or assertions of nonspecific harms alone. *See In re Cont'l Airlines Corp.*, 43 B.R. 130, 133-34 (Bankr. S.D. Tex. 1984).

3. The bank statements are run-of-the-mill bank statements which show nothing of consequence other than what the parties already know from other sources,

which is that the Debtors and non-debtor affiliates have been Mr. Furr's primary source of income over the period in question. There is no concrete risk of harm to Mr. Furr that warrants any level of protective order for these documents.

4. Furthermore, the attorney's eyes only designation is particularly troubling and unwarranted. Mr. Etter is his own best and most cost-effective resource for investigating the facts of this case. It should also be noted that Mr. Etter is effectively the only party to this litigation who is paying his own attorney's fees. The Trustee is of course paid for by the bankruptcy estate and counsel for Mr. Furr are also effectively being paid for by the Debtors through hundreds of thousands of dollars in transfers that Mr. Furr made from the Debtors to himself which he has said are for the purpose of covering attorney's fees shortly before or after the bankruptcy filings. "While stipulated protective orders can have a lubricating effect by encouraging the flow of discovery material between the parties, over-designation of material as 'CONFIDENTIAL' tends to gum up the works." *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Products Liab. Litig.*, 2:12-MD-2325, 2012 WL 2601880, at *6 (S.D.W. Va. July 5, 2012).

## **PRAYER**

Plaintiff requests and prays that the designations of confidentiality be overruled and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By: /s/ Noah Meek
    Noah E. W. Meek
    State Bar No. 24084554
    Email: nmeek@irelanlaw.com
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone: (713) 222-7666
    Fax:     (713) 222-7669

**ATTORNEYS FOR PLAINTIFF DUSTIN ETTER**

## CERTIFICATE OF SERVICE

This is to certify that on July 31, 2025, a true and correct copy of this instrument was served upon all parties *via ECF* in compliance with the Federal Rules of Bankruptcy Procedure.

/s/ Noah Meek
_____
Noah Meek

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for Mr. Furr and he is opposed to this motion.

/s/ Noah Meek
_____
Noah Meek