# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy No. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC, and | § | Chapter 11 |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |
| | § | |
| | § | |
| DUSTIN ETTERS, | § | |
| | § | |
| Plaintiff. | § | Adversary No. 25-03382 |
| v. | § | |
| | § | |
| JEROD P. FURR, ET AL, | § | |
| | § | |
| Defendants, | § | |

**TRUSTEE'S <u>FURTHER</u> EMERGENCY MOTION FOR ORDER
(I) CONTINUING RULE 16 CONFERENCE, (II) ABATING ALL DEADLINES
REGARDING SAME AND (III) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.
EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE AN EMERGENCY HEARING ON THIS MOTION ON AUGUST 11, 2025 AT 9:30 A.M. CENTRAL TIME BY AUDIO AND VIDEO CONNECTION. YOU MAY ACCESS THE FACILITY BY DIAL-IN TELEPHONE NO: 832-917-1510 AND ENTERING THE CONFERENCE CODE 282694. VIDEO PARTICIPATION WILL BE BY GOTOMEETING VIDEO LINK: HTTPS://MEET.GOTO.COM/JUDGEPEREZ.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Tom A. Howley ("**Howley**"), in his capacity as the chapter 11 trustee (the "**Trustee**") in the above-numbered and styled bankruptcy proceedings (the "**Chapter 11 Cases**"), hereby files this <u>further</u> emergency motion (the "**Motion**") in above-referenced adversary proceeding ("**Adversary Proceeding**") for entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) continuing the Rule 16 conference, and (b) abating all deadlines and discovery related to same and in support hereof, respectfully states as follows:

## RELIEF REQESTED

1. The Trustee seeks entry of an order, substantially in the form attached hereto (the "**Abatement Order**"), granting the following relief:

   a. Continuing the Rule 16 conference on August 11, 2025 until further Court order;

   b. Abating all deadlines and discovery related to this Adversary including action/response deadlines related to Docket No. 6 and Docket No. 27 until further Court order;

   c. Ordering a status conference the week of September 8, 2025;

   d. Ordering that the Trustee shall not be prevented from using Bankruptcy Rule 2004 including against any party to this Adversary;

   e. Ordering that, except for the Trustee, no party to the Adversary may use Bankruptcy Rule 2004 related to this Adversary; and

   f. Any related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2

3. The statutory predicates for the relief requested in this Motion are sections 105(a), and 105(d) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), Rule 7016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 7016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

### Main Bankruptcy Cases

4. On January 7, 2025 (the "**AFR Petition Date**"), the Alliance Farm and Ranch, LLC (the "**AFR Debtor**") commenced its bankruptcy case (the "**AFR Case**") under chapter 7 of title 11 of the Bankruptcy Code. On March 17, 2025, the AFR Debtor filed its *Emergency Motion to Convert Case to Chapter 11* (the "**Chapter 11 Conversion Motion**"). [DE 13]. On March 19, 2025, the Court entered its order granting the Chapter 11 Conversion Motion. [DE 24].

5. On April 7, 2025 (the "**AEP Petition Date**"), the Alliance Energy Partners, LLC (the "**AEP Debtor**" and together with the AFR Debtor, the "**Debtors**") commenced its bankruptcy case (the "**AEP Case**" and together with the AFR Case, the "**Chapter 11 Cases**").

6. On May 7, 2025, the United States Trustee filed its *Notice of Chapter 11 Bankruptcy Case* (the "Notice of Bankruptcy Case") [DE 73]. The Notice of Bankruptcy Case set the meeting of creditors (the "**341 Meeting**") for June 2, 2025, at 2:00 p.m. The 341 Meeting was subsequently rescheduled for June 16, 2025, at 1:00 p.m. The 341 Meeting was commenced and continued until June 25, 2025 at 1:00 p.m. The Notice of Bankruptcy Case established the deadline for a governmental unit to file a proof of claim as November 3, 2025. The Notice of Bankruptcy Case did not establish a deadline for filing general proofs of claim.

3

7. On May 12, 2025, the United States Trustee filed its *Notice of Appoint of Committee of Unsecured Creditors* [DE 77] appointing an official committee of unsecured creditors of the Debtors (the "**Committee**").

8. On May 22, 2025, the Committee filed its Emergency Motion for Appointment of Chapter 11 Trustee (the "**Trustee Motion**") [DE 98]. On May 23, 2025, the Court entered its order granting the Trustee Motion [DE 112]. On May 27, 20025, the United States Trustee filed its *Emergency Motion to Approve Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 115] On May 27, 2025, the Court entered its *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 117].

9. On May 30, 2025, the Trustee filed his *Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Erik and Darla Ostrander and (II) Granting Related Relief* (the "**Settlement Motion**") [DE 121]. The Settlement Motion sought approval of a settlement resolving the Debtors' litigation claims against Erik and Darla Ostrander and bringing in $1.5 million to the AFR estate. On June 3, 2025, the court entered its order approving the Settlement Motion (the "**Settlement Order**") [DE 128]. The settlement has been consummated and the $1.5 million has been deposited in the Trustee's fiduciary account.

**Adversary 25-03382**

10. On July 29, 2024, Dustin Etter ("**Plaintiff**" or "**Etter**") filed its Original Petition in the 457th District Court of Montgomery County, Texas ("**State Court Lawsuit**"). Plaintiff's current live pleading is Plaintiff's Eighth Amended Petition.

11. On May 20, 2025, Plaintiff filed its Notice of Removal regarding the State Court Lawsuit initiating the Adversary.

4

12. On June 2, 2025, this Court entered its Order Setting Rule 7016 Conference, Requiring Rule 7026 Meeting, Establishing Procedures for Discovery Disputes, and Emphasizing Applicability of Certain Federal Rules of Civil Procedure as made Applicable by the Federal Rules of Bankruptcy Procedure ("**Rule 16 Conference Order**"). Pursuant to the Rule 16 Conference Order, the Court set a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7016 for July 23, 2025 at 11:00 a.m. Central Time ("**Rule 16 Conference**").

13. On June 13, 2025, Plaintiff filed its Emergency Motion for Limited Expedited Discovery ("**Limited Discovery Motion**").

14. On June 16, 2025, Jerod Furr ("**Defendant**" or "**Furr**") filed its Objection to the Limited Discovery Motion.

15. This Court set the Limited Discovery Motion for hearing on July 7, 2025 at 4:00 p.m. Central Time.

16. On June 23, 2025, the Trustee filed its Motion for Order (I) Continuing Rule 16 Conference, (II) Abating all Deadlines Regarding Same and (III) Granting Related Relief ("**First Abatement Motion**").

17. On July 7, 2025, the Court held a hearing and, on July 8, 2025, entered the Order Granting First Abatement Motion (the "**First Abatement Order**").

18. The First Abatement Order ordered, among other things, that (i) a status conference be held on July 22, 2025; (ii) the Rule 16 Conference be continued until August 11, 2025; and (iii) all deadlines related to this Adversary including discovery deadlines be abated until August 11, 2025.

19. At the status hearing on July 22, 2025, the parties announced that they had entered into an Agreed Injunction, which the Court entered on July 22, 2025.

20. It appears that the Limited Discovery Motion is still pending.

21. On July 31, 2025, Etter filed his Motion Challenging Designations of Confidentiality ("**Challenge Motion**"). At the status hearing on July 22, 2025, the Court stated that he would consider arguments as to whether certain documents produced should be disclosed broader than as they were classified under the protective order.

## BASIS FOR RELIEF REQUESTED

22. The Trustee requests that the Court (i) abate all deadlines and discovery in this Adversary until further Court order; and (ii) schedule a status conference for the week of September 8, 2025. The Trustee (i) has been acting diligently addressing numerous issues that require emergency consideration; and (ii) working with counsel for the UCC on filing a liquidating plan. The Trustee is working with the parties to this Adversary on (i) obtaining further relevant documentation/information pursuant to the entered protective order; and (ii) selling assets held by the non-debtor entities with full reservation of all parties' rights. Although the Trustee has attempted to find ways to reach agreement as to continuing some action in this Adversary without complete abatement, the parties have reached an impasse in that regard for a variety of reasons some of which relate to the parties' individual strategic agendas.

23. Importantly, this Adversary involves estate claims and claims against the estate. The parties have filed their proofs of claims so their claims are preserved. The Agreed Injunction has been entered protecting any dissipation of assets including assets held by non-debtors. The Trustee has filed pleadings to employ Harney Partners ("Harney") as his proposed firm to provide forensic accounting services. The Trustee is striving to obtain a report from Harney by a target

date of August 31, 2025, but the Trustee and Harney may need additional time. The Trustee will need sufficient time after the report is provided to properly plead his Complaint. Accordingly, it is premature to move forward in this Adversary when there is effectively no live complaint considering the Trustee will need to step in as Plaintiff. Therefore, the Trustee requests that the Court abate the Adversary until the Trustee files his Complaint.

24. Counsel for the UCC supports the relief requested in this Motion.

25. Counsel for Furr does not oppose the relief requested.

26. Counsel for Connect Realty.com, Inc., Heaven Lee Properties, and Jeanna Lea Hurley does not oppose the relief requested.

27. After a conference call on August 4, 2025, counsel for Etter represented that he does not oppose the relief requested. However, based on the filings by counsel for Etter that are pending (including his Motion for Relief From Automatic Stay at docket no. 170 in the main case, the Limited Discovery Motion, and the Challenge Motion), further response is warranted. Initially, counsel for Etter stated that he was opposed to the relief requested in this Motion but was "unopposed to a partial abatement and/or other similar deadline accommodations so that the Trustee is not subject to any pleadings, response, or discovery deadlines for a while." The Trustee does not believe that a partial abatement is appropriate. The Trustee believes he may have estate claims against Furr and Etter. Certain of those estate claims have not been pleaded in the complaint that was removed. Again, the other claims in the Adversary involve claims against the estate. These claims have been asserted with the proofs of claim filed by the parties. As in any bankruptcy case, the Trustee should be provided adequate time to analyze these claims and object and/or respond with affirmative relief as required.

7

28. The bottom line is that this Adversary should not be driven by a former equity holder of the Debtors who has asserted unsecured claims that, upon information and belief, will most likely be recharacterized as equity. The true creditors of these Debtors' estates deserve (i) to have estate claims properly preserved; and (ii) to avoid unnecessary fees and costs, effectively a surcharge against their ultimate recovery, if Etter is allowed to move forward in this Adversary with even limited discovery.

29. The Trustee requests that the Limited Discovery Motion, the Challenge Motion, and any responses thereto, are also abated until further Court order.

## BASIS FOR EXPEDITED CONSIDERATION

30. Emergency consideration of this Motion is appropriate considering (i) the Rule 16 Conference is set for August 11, 2025; (ii) the Limited Discovery Motion may be heard at the Rule 16 Conference; and (iii) the Trustee is acting diligently to address main case issues as well as analyze the issues in this Adversary but needs additional time as stated herein. Absent emergency consideration, the estates will continue to incur additional unnecessary administrative expenses.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Trustee such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: August 5, 2025 | Respectfully submitted, |

                                                    **HOWLEY LAW PLLC**

                                                    /s/ Eric Terry
                                                    Eric Terry - State Bar No. 00794729
                                                    HOWLEY LAW PLLC
                                                    700 Louisiana Street Suite 4545
                                                    Houston, Texas 77002
                                                    Phone: 713-333-9125
                                                    Email: eric@howley-law.com

                                                    *Trustee Counsel*

## CERTIFICATE OF SERVICE

      I certify that on August 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    */s/ Eric Terry*
                                                    Eric Terry

## CERTIFICATE OF ACCURACY

      I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                    */s/ Eric Terry*
                                                  Eric Terry

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ALLIANCE FARM AND RANCH, LLC, and | § | Bankruptcy No. 25-30155 |
| ALLIANCE ENERGY PARTNERS, LLC, | § | Chapter 11 |
| | § | (Jointly Administered) |
| Debtors. | § § § | |
| DUSTIN ETTER, | § § | |
| Plaintiff. | § | Adversary No. 25-03382 |
| v. | § § | |
| JEROD P. FURR, ET AL, | § § | |
| Defendants, | § | |

## ORDER GRANTING MOTION (I) CONTINUING RULE 16 CONFERENCE, (II) ABATING ALL DEADLINES REGARDING SAME AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the Trustee for entry of an order (this "**Order**") (a) continuing the Rule 16 conference; and (b) abating all deadlines regarding same, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article II of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided;

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Rule 16 Conference Order is amended as stated herein.

2. The Rule 16 Conference shall be continued until further Court order.

3. All deadlines related to the Adversary including discovery deadlines and response deadlines to any pending motions shall be abated until further Court order.

4. Trustee shall not be prevented from using Bankruptcy Rule 2004 including against any party to this Adversary.

5. Except for the Trustee, no party to the Adversary may use Bankruptcy Rule 2004 related to this Adversary.

6. A status conference will be held on _____.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
Houston, Texas

_____
**ALFREDO R. PEREZ**
**UNITED STATES BANKRUPTCY JUDGE**