Case 25-03382 Document 29-2 Filed in TXSB on 05/08/25 Page 2 of 19

Filed and E-Filed for Record
3/27/2025 11:27 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Victoria Perez

CAUSE NO. 24-07-11639 **EXHIBIT 2**

| | | |
|---|---|---|
| **DUSTIN ETTER** | § | IN THE DISTRICT COURT OF |
| | § | |
| **v.** | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| **JEROD P. FURR, et al.** | § | 457TH JUDICIAL DISTRICT |

## PLAINTIFF'S EIGHTH AMENDED PETITION

1. This lawsuit is brought by Plaintiff **Dustin Etter** ("Etter"), directly and derivatively, for breach of fiduciary duty and other claims against Defendants **Jerod P. Furr**, **Corrina Furr**, **AE Partners Holdings, Inc.**, **AEP Asset Holdings, LLC**, **Alliance Energy Partners, LLC**, **Alliance Farm & Ranch, LLC**, **Invictus Drilling Motors, LLC** ("Furr Defendants"), **Connect Realty.com, Inc.**, **Heaven Lee Properties, LLC d/b/a Lux Group TX**, and **Jeana Lea Hurley** ("Realtor Defendants") ("Defendants").

### I. PARTIES

2. Plaintiff **Dustin Etter** ("Etter") is a resident of Texas.

3. Defendant **Jerod P. Furr** is a resident of Montgomery County, Texas who has appeared and answered.

4. Defendant **Corrina Furr** is a resident of Montgomery County, Texas who has appeared and answered.

5. Defendant **Alliance Farm & Ranch, LLC** is a Texas limited liability company which has appeared and answered.

6. Defendant **AE Partners Holdings, Inc.** is a Texas for-profit corporation which has appeared and answered.

7. Defendant **Alliance Energy Partners, LLC** is a Texas limited liability company which has appeared and answered.

8. Defendant **AEP Asset Holdings, LLC** is a Texas limited liability company which

has appeared and answered.

9. Defendant **Invictus Drilling Motors, LLC** is a Texas limited liability company which has appeared and answered.

10. Defendant **Connect Realty.com, Inc.** ("Connect Realty") is a Nevada for-profit corporation doing business in Texas which has appeared and answered

11. Defendant **Heaven Lee Properties, LLC d/b/a Lux Group TX** ("Lux Group") it a Texas LLC which has appeared and answered.

12. Defendant **Jeana Lea Hurley** is a resident of Texas who has appeared and answered.

## II. JURISDICTION & VENUE

13. This Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Pleading to the Court only, it is stated, purely for the purposes of TRCP 47(c), that Plaintiff is presently seeking relief within the range of TRCP 47(c)(4).

14. Venue is proper in Montgomery County, Texas under CPRC § 15.002 because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Montgomery County, Texas and because Defendants Mr. Furr, AEPH, and AEP are residents of Montgomery County, Texas.

## III. DISCOVERY LEVEL

15. Plaintiff intends to conduct discovery under Level 3.

## IV. FACTS

16. Plaintiff Dustin Etter and Defendant Jerod P. Furr were for many years until mid-2024 long-time business partners (in the colloquial sense of "partner"). Together they formed and ran various oilfield service-related ventures and entities including AE Partners

Holdings, Inc. as well as AEP Asset Holdings, LLC, Alliance Energy Partners, LLC, and Invictus Drilling Motors, LLC, all of which are currently subsidiaries or affiliates of AE Partners Holdings, Inc. ("AE Partners and its affiliates").

17. Defendant Mr. Furr and Defendant Corrina Furr got married in or around 2019 but had an elaborate wedding/vow renewal in early 2024.

18. Defendant Ms. Hurley is the ex-wife of Mr. Furr, a present and/or former employee and office manager of AEPH and/or AEP, and a TREC-licensed sales agent with the Lux Group working under Defendant Connect Realty as her sponsoring broker. Ms. Hurley would routinely communicate with Plaintiff Mr. Etter in her role at the business.

19. Prior to around 4/15/2022, Plaintiff Mr. Etter and Defendant Mr. Furr were both direct owners in Defendant Alliance Energy Partners, LLC.

20. Plaintiff Mr. Etter and Defendant Mr. Furr, through their businesses together, made substantial profits in 2021, primarily through Alliance Energy Partners, LLC, which resulted in significant apparent tax liabilities for both partners. As a result, they sought to restructure their business in early 2022.

21. In around February, March, and early April 2022, Defendant Mr. Furr represented to Plaintiff Mr. Etter that it would be beneficial for tax purposes related to substantial profits that the business received which would otherwise be reported on the owners' personal income tax returns and other purposes to restructure the business to create AE Partners Holdings, Inc. as a parent company of which Alliance Energy Partners, LLC would be a wholly-owned subsidiary. There was no disclosure or understanding about diminishing Plaintiff Mr. Etter's rights with respect to the business or enabling any self-dealing by Defendant Mr. Furr.

22. In the restructure dated 4/15/2022 primarily designed and papered by Defendant

Mr. Furr, Alliance Energy Partners, LLC became directly owned by AE Partners Holdings, Inc. which in turn was owned 50-50 for certain purposes and 51-49 for other purposes by Defendant Mr. Furr and Plaintiff Mr. Etter. AEP Asset Holdings, LLC and Invictus Drilling Motors, LLC were also formed as AE Partners Holdings, Inc. subsidiaries or affiliates as a part of the 4/15/2022 restructure. At the time of the 4/15/2022 restructure, Plaintiff Mr. Etter was not aware that Defendant Mr. Furr had substantial sums out of the business, which if treated as a distribution, would reduce Defendant Mr. Furr to a minority owner of the business.

23. However, Defendant Mr. Furr in many respects structured and papered the 2022 restructure in self-serving ways which were beneficial only to him but not to the relevant entities or to Plaintiff Mr. Etter, and the restructure was done without Defendant Mr. Furr first making full disclosure of his self-dealing discussed below. Although Plaintiff Mr. Etter held senior titles like "vice president" at AE Partners Holdings, Inc. and its subsidiaries and affiliates, Defendant Mr. Furr was always consistently the lead partner with the most senior titles such as "president" and "CEO." As a part of their overall deal, Defendant Mr. Furr repeatedly reiterated that Plaintiff Mr. Etter could not be fired and could remain an employee of AE Partners Holdings, Inc. as long as he was a shareholder. Defendant Mr. Furr also represented to and assured Mr. Etter that the only reason why there was a 51%-49% voting structure was for convenience so that both of them would not be required to sign off on things for the business.

24. In early 2022 prior to the restructure, Plaintiff Mr. Etter and Defendant Mr. Furr were communicating about buying the property located at 5450 Honea Egypt Rd., Montgomery, Texas 77316 for their business. Through Defendant Mr. Furr and through Defendant Ms. Hurley acting as a buyer's real estate agent, Defendant AEP put down a

contract on the property and paid the option fee as well as the $30,000 down payment.

25. However, instead of buying the property for the business, Defendant Mr. Furr formed Alliance Farm & Ranch, LLC, an entity wholly owned by him formed on 3/23/2022, to purchase the property, which was done with funds from AE Partners and its affiliates shortly before (and not disclosed before) the 4/15/2022 restructure. Defendant Ms. Hurley furthered doing so by facilitating the contract being changed from AEP as the buyer to Alliance Farm & Ranch, LLC as the buyer shortly before the closing. By way of example only, on 4/1/2022, $960,515.25 was taken out of the Truist bank account of Alliance Energy Partners, LLC for the purchase of the 5450 Honea Egypt property and transferred directly to University Title Company. Plaintiff also has information and belief that AEP directly or indirectly made all of the payments on the 5450 Honea Egypt property.

26. Defendant Ms. Hurley was paid a commission of over $100,000 on the purchase of the 5450 Honea Egypt property by Alliance Farm & Ranch, LLC, over $10,000 of which was split with and/or paid to Defendant Connect Realty.

27. Significant improvements were also made to the 5450 Honea Egypt property at the ultimate expense of AE Partners and its affiliates. For instance, at least $422,908.00 was paid to Arroyos Remodeling from April through December 2022.

28. Part of the 5450 Honea Egypt property was also leased back to the business on terms which were not fair, reasonable, or favorable to the business either without a formal written lease or without a formal written lease on terms fair and reasonable to AEP.

29. Defendants Mr. Furr and Ms. Furr lived at the 5450 Honea Egypt property from shortly after it was purchased in April 2022 through at least November 2024.

30. For some payments related to the purchase of and improvements to the 5450 Honea Egypt property, Defendant Mr. Furr purportedly booked a liability owed by him to

**5** of **18**

the business on books of the business. But no promissory note, guarantee, deed of trust, or other similar customary written paperwork memorializing the debts to the business were ever prepared or signed.

31. In early 2024, Defendants Mr. Furr and Ms. Furr used funds from AE Partners and its affiliates to fund a lavish wedding ceremony at the 5450 Honea Egypt property.

32. Defendants Mr. Furr and Ms. Furr have used funds from funds from AE Partners and its affiliates to purchase and maintain a Mercedes Benz G-Class SUV for use by Defendant Ms. Furr. Defendant Ms. Furr is not an employee or agent of any of AE Partners and its affiliates. By way of example only, starting no later than January 2022, $4,294.73 was taken out of the bank account of Defendant AEP each month to pay for the Mercedes driven by Ms. Furr. By way of further example, around May of 2022, Defendants Mr. and Ms. Furr spent around $26,960.00 out of the business to buy a "Barbie car" for Defendant Ms. Furr.

33. Despite prior agreements, promises, and representations that as a shareholder Plaintiff Mr. Etter could not be fired, on or about 9/18/2024, Defendant Mr. Furr purported to terminate Plaintiff Mr. Etter from all positions at AE Partners and its affiliates.

34. In 2024, Plaintiff Mr. Etter became aware of issues with multiple vendors of AE Partners and its affiliates going unpaid. These payment issues have resulted in at least seven lawsuits so far against Alliance Energy Partners, LLC for nonpayment most of which were filed in Harris County, Texas. After investigating and confronting Defendant Mr. Furr about it, Plaintiff Mr. Etter became aware that Defendant Mr. Furr was using funds and assets of AE Partners and its affiliates to fund a lavish lifestyle for himself and Defendant Ms. Furr to the point that that AE Partners and its affiliates have become depleted of funds, have had to largely cease operations due to the inability to pay staff

and vendors, and the business has all but collapsed. It also now lacks sufficient funds to make distributions to cover tax liabilities for the owners which the business has created and to pay all of its vendors.

35. Defendant AE Partners Holdings, Inc. has failed to provide Plaintiff Mr. Etter with access to or copies of books and records requested at times including but not limited to September, October, and November 2024 as well as into 2025.

36. Defendant AE Partners Holdings, Inc. ignored multiple requests for books and records. Then, only after a books and records claim was added to this lawsuit, Defendant AE Partners Holdings, Inc. quibbled with the wording of the requests refused to provide copies insisting on an in-person inspection of documents. Defendant AE Partners Holdings, Inc. then delayed the in-person inspection once. When the rescheduled in-person inspection was to occur on 10/24/2024, several of the requested books and records were not available.

37. Defendant Mr. Furr initially expressed confusion on 10/24/2024 as to why Defendant AE Partners Holdings, Inc. was doing an in-person inspection rather than just emailing the requested records, most or all of which he indicated were in digital format, before realizing and saying that Defendant AE Partners Holdings, Inc. was insisting on an in-person inspection "just to be a pain in the ass."

38. As of the filing of this pleading, several of the requested books and records still have not been provided.

39. Plaintiff has information and belief that Defendant Mr. Furr has or intends to misuse and/or misappropriate other assets of AE Partners and its affiliates including but not limited to drilling motors and ownership interests in Isodrill, Inc.

## V. CAUSES OF ACTION

40. The claims set forth below are brought directly on behalf of Plaintiff Dustin Etter and/or where appropriate derivatively (and double-derivatively as appropriate) on behalf of AE Partners Holdings, Inc., AEP Asset Holdings, LLC, Alliance Energy Partners, LLC, and Invictus Drilling Motors, LLC. The Texas Supreme Court has expressly recognized that "double derivative" claims are permitted under Texas law. Sneed v. Webre, 465 S.W.3d 169, 192 (Tex. 2015). It is specifically asserted that all of said entities are "closely held" for the purposes of TEX. BUS. ORGS. CODE §§ 21.563 and 101.463 and justice calls for a direct award of any recovery to Plaintiff Mr. Etter, and Plaintiff also requests an award of expenses including attorney's fees under those statutes. Plaintiff is and/or was a shareholder and/or member of the entities in question either directly or double-derivatively at the time of the matters complained of. This action is not a collusive one to confer jurisdiction which would otherwise be lacking. Plaintiff has demanded in writing that the claims at issue be brought. However, Defendants have wholly ignored Plaintiff's requests.

**V.A. Breach of Fiduciary Duty**

41. Based on the pertinent facts set forth in this Petition, Plaintiff Mr. Etter brings claims against Defendant Mr. Furr and Defendant Ms. Hurley for breach of fiduciary duty.

42. Defendant Mr. Furr owes fiduciary duties to AE Partners and its affiliates because at all relevant times he was an officer, director, manager, employee, and/or agent of said entities. Defendant Mr. Furr also owes fiduciary duties to Plaintiff Mr. Etter as the controlling shareholder of AE Partners Holdings, Inc. The fiduciary duties owed by Defendant Mr. Furr include but are not limited to duties of loyalty, utmost good faith, complete and perfect candor, full disclosure, acting with integrity of the strictest kind, to refrain from conflicts of interest, and fair and honest dealing.

43. Defendant Mr. Furr breached these fiduciary duties as outlined in the facts set forth in this Petition. By way of example only, but without limitation, Defendant Mr. Furr misappropriated funds from AE Partners and its affiliates to fund a lavish lifestyle for himself and for Defendant Ms. Furr. Defendant Mr. Furr, through his entity Alliance Farm & Ranch, LLC, misappropriated the opportunity to purchase the 5450 Honea Egypt property and then leased that property back to the business on terms which were not reasonable or favorable to the business. It appears that Alliance Farm & Ranch, LLC in its entirety exists solely to misappropriate from AE Partners and its affiliates.

44. Where Defendant Mr. Furr has indicated that he took out some sort of loan from the business or entered into some other agreement with the business, rather than simply gifting to himself or overcompensating himself, Defendant Mr. Furr has failed to document those loans or other agreements with formal written instruments (i.e. a promissory note, a written lease) as is usual and customary and has not attempted to collect the loans.

45. Defendant Ms. Hurley owed fiduciary duties to AE Partners and its affiliates as an employee and agent of theirs and also owed fiduciary duties to AEP as its real estate agent in connection with the purchase of the 5450 Honea Egypt property in 2022. The fiduciary duties owed by Defendant Ms. Hurley include but are not limited to duties of loyalty, utmost good faith, complete and perfect candor, full disclosure, acting with integrity of the strictest kind, to refrain from conflicts of interest, and fair and honest dealing.

46. Defendant Ms. Hurley breached her fiduciary duties to AEP in early 2022 by facilitating the switching of the contract on the 5450 Honea Egypt property from being bought in the name of AEP to being bought in the name of Alliance Farm & Ranch, LLC and by facilitating AEP making payment the $960,515.25 for the 5450 Honea Egypt

property after the name of the buyer was changed to Alliance Farm & Ranch, LLC. Defendant Ms. Hurley also knew and should have known that Defendant Mr. Furr had a substantial conflict of interest in the transaction and that the transaction was not reasonable or advisable for the business, and failed to advise Defendant Mr. Furr of this and/or to fully and candidly disclose all relevant information to Plaintiff Mr. Etter who she knew was the only unconflicted owner and governing person.

47. It is specifically asserted that because funds from AE Partners and its affiliates were used to purchase the 5450 Honea Egypt property and that the property should have been bought in the name of one of AE Partners and its affiliates, a resulting trust does and should exist with respect to said property and/or that the property otherwise belongs in equity and good conscience to one of AE Partners and its affiliates.

48. In addition and in the alternative, it is asserted that Alliance Farm & Ranch, LLC in its entirety belongs in equity and good conscience to one or more of AE Partners and its affiliates.

49. It is specifically asserted that to the extent that Plaintiff is entitled to any recovery against AE Partners or its affiliates, such a recovery was caused by wrongful conduct or breaches of duty by Defendant Mr. Furr who should also be held liable for the same damages (i.e. Defendant Mr. Furr is responsible for the failure of AE Partners to provide Plaintiff with books and records).

50. It is also asserted that Defendants Mr. Furr and Ms. Hurley breached their fiduciary duties to the business by paying Defendant Ms. Hurley or an entity controlled by her $48,000 out of the business around January 2022.

51. *Damages*: With respect to Plaintiff's breach of fiduciary duty claim, Plaintiff seeks the following relief from Defendants Mr. Furr, Ms. Furr, and Alliance Farm & Ranch, LLC,

and as appropriate Defendants Ms. Furr, Connect Realty, and the Lux Group, jointly and severally: (1) actual damages including but not limited to lost profits, out-of-pocket damages, mitigation damages, and restitution, (2) exemplary damages which per CPRC § 41.008(c)(10) and (13) should be uncapped, (3) rescission (including recission of all or part of the 2022 restructure and/or rescission of any self-dealing transactions), disgorgement, and fee forfeiture, (4) a constructive trust (including but not limited to on proceeds or profits of any breaches of fiduciary duty and, as appropriate, shares in AEPH and/or its affiliates and/or treating misappropriated funds as constructive distributions), (5) an award of title to and possession of the 5450 Honea Egypt property, (6) reasonable attorney's fees under any applicable contract, (7) prejudgment and postjudgment interest, and (8) costs.

**V.B. Fraud**

52. Based on the pertinent facts set forth in this Petition, including but not limited to those outlined again below, Plaintiff brings a claim against Defendant Mr. Furr for fraud/fraudulent inducement/fraud by nondisclosure.

53. Defendant Mr. Furr affirmatively represented to Plaintiff Mr. Etter in verbal conversations in 2022 before the 4/15/2022 restructure that he was looking into buying the 5450 Honea Egypt property for the business. At no point before the 4/15/2022 restructure did Defendant Mr. Furr disclose that he actually intended to or did buy the 5450 Honea Egypt property for himself and/or for Alliance Farm & Ranch, LLC which was wholly owned by him, or that he paid $960,515.25 in AEP funds to buy the 5450 Honea Egypt property. It was known to both Mr. Furr and Mr. Etter at the time that buying the 5450 Honea Egypt property would involve significant expense. By making numerous affirmative representations about both the 4/15/2022 restructure, the 5450 Honea Egypt

property, and the business as a whole, Defendant Mr. Furr took on a duty to affirmatively tell the whole truth. Defendant Mr. Furr did not tell the whole truth and instead bought the 5450 Honea Egypt property at substantial expense to the business just a few weeks before the 4/15/2022 restructure without disclosing the purchase to Plaintiff Mr. Etter before the 4/15/2022 restructure.

54. Defendant Mr. Furr affirmatively represented to Plaintiff Mr. Etter in verbal conversations in 2022 before the 4/15/2022 restructure that the restructure was for the mutual benefit of Mr. Furr and Mr. Etter and would provide substantial tax benefits related to the 2021 profits of the business. Those representations were simply false. Despite the 4/15/2022 restructure, Mr. Furr and Mr. Etter have incurred significant tax liabilities, which due to undisclosed looting of the business the business lacks funds to provide to the owners to pay. Additionally, the fine print of the 4/15/2022 restructure is generally one-sidedly favorable to Defendant Mr. Furr and significantly diminished the rights that Plaintiff Mr. Etter would have otherwise had.

55. Defendant Ms. Hurley, as a part of her work as office manager at AEPH and its affiliates, regularly communicated with Plaintiff Mr. Etter about the business, and in so doing incurred a duty of full disclosure. However, Defendant Ms. Hurley failed to fully and timely disclose material facts to Plaintiff Mr. Etter regarding the purchase of the 5450 Honea Egypt property.

56. *Damages*: With respect to Plaintiff's fraud claim, Plaintiff seeks the following relief from Defendant Mr. Furr and as appropriate Defendant Ms. Hurley: (1) rescission of any agreements with Defendant which were induced by fraud, (2) actual damages including but not limited to lost profits, out-of-pocket damages, mitigation damages, and restitution, (3) exemplary damages which per CPRC § 41.008(c)(10) and (13) should be uncapped,

(4) disgorgement and fee forfeiture, (5) a constructive trust (including but not limited to on proceeds or profits of any breaches of fiduciary duty and, as appropriate, shares in AEPH and/or AEP), (6) prejudgment and postjudgment interest, and (7) costs.

**V.C. Statutory Fraud**

57. Based on the pertinent facts set forth in this Petition, including but not limited to those outlined again with respect to the fraud claim, Plaintiff brings a claim against Defendant Mr. Furr for statutory fraud pursuant to TEX. BUS. & COM. CODE § 27.001.

58. *Damages*: With respect to Plaintiff's statutory fraud claim, Plaintiff seeks the following relief from Defendant Mr. Furr: (1) rescission of any agreements with Defendant which were induced by fraud, (2) actual damages including but not limited to lost profits, out-of-pocket damages, mitigation damages, and restitution, (3) exemplary damages which per CPRC § 41.008(c)(10) and (13) should be uncapped, (4) disgorgement and fee forfeiture, (5) a constructive trust (including but not limited to on proceeds or profits of any breaches of fiduciary duty and, as appropriate, shares in AEPH and/or AEP), (6) reasonable and necessary attorney's fees and other costs of litigation as permitted by TEX. BUS. & COM. CODE § 27.001(e), (7) prejudgment and postjudgment interest, and (8) costs.

**V.D. Restitution/Unjust Enrichment/Money Had and Received**

59. Based on the pertinent facts set forth in this Petition, Plaintiff brings claims for restitution, unjust enrichment, and money had and received.

60. In particular but without limitation, Defendants Mr. Furr, Ms. Furr, and Alliance Farm & Ranch, LLC are unjustly enriched by their use of funds from the business to buy and substantially improve the 5450 Honea Egypt property, to fund their lavish wedding, and to make other unreasonable and improper self-dealing expenditures for their own

benefit using funds from the business.

61. Furthermore, and without limitation, Defendants Ms. Hurley, the Lux Group, and Connect Realty are unjustly enriched in their receipt of any commissions which they knew or should have known were improperly obtained from AEP.

62. *Damages*: With respect to Plaintiff's restitution/unjust enrichment claim, Plaintiff seeks the following from Defendants Mr. Furr, Ms. Furr, and Alliance Farm & Ranch, LLC, jointly and severally, and as appropriate from Defendants Ms. Hurley, the Lux Group, and Connect Realty, jointly and severally: (1) actual damages, including but not limited to restitution, (2) exemplary damages which per CPRC § 41.008(c)(10) and (13) should be uncapped, (3) a constructive trust, (4) temporary and permanent injunctive relief, (5) prejudgment and postjudgment interest, and (6) costs.

**V.E. Books & Records**

63. Based on the pertinent facts set forth in this Petition, Plaintiff brings a claim for books and records under TEX. BUS. ORGS. CODE §§ 21.218-.219 and alternatively under CPRC ch. 37 against Defendant AE Partners Holdings, Inc.

64. *Damages*: With respect to Plaintiff's books and records claim, Plaintiff seeks the following from Defendant AE Partners Holdings, Inc.: (1) books and records, (2) nominal damages, (3) appropriate supplemental relief under CPRC § 37.001, (4) reasonable expenses including attorney's fees under TEX. BUS. ORGS. CODE §§ 21.222 and alternatively under CPRC § 37.009, (5) prejudgment and postjudgment interest, and (6) costs.

**VI. VICARIOUS & PARTICIPATORY LIABILITY**

65. Defendant Jerod Furr acted as an actual and apparent agent and vice principal for all of the entity Defendants other than Connect Realty and the Lux Group.

**14** of **18**

66. Defendants Mr. Furr and Ms. Furr conspired with, aided and abetted, and/or assisted and encouraged one-another in their wrongful conduct and are therefore liable for the wrongful acts of one-another.

67. At all relevant times since its formation, Defendant Alliance Farm & Ranch, LLC has been an instrumentality, alter ego, principal, aider and abetter, and/or assister and encourager of Defendant Mr. Furr with respect to his wrongful conduct and is therefore liable for that conduct.

68. At all relevant times, Defendant Ms. Hurley was acting as an agent of Defendants Connect Realty and the Lux Group. Defendant Connect Realty, as Ms. Hurley's sponsoring broker, is also vicariously liable for her actions under TEX. OCC. CODE § 1101.803. Defendant Ms. Hurley also conspired with, aided and abetted, and assisted and encouraged Defendant Mr. Furr in his breaches of fiduciary duty, fraud, and statutory fraud in connection with the purchase of the 5450 Honea Egypt property.

### VII. DEFENSIVE MATTERS

69. The claims asserted in this Petition are also asserted as defenses as appropriate.

70. The defenses of waiver and estoppel are asserted.

71. The defense of unclean hands is asserted.

72. The statute of limitations applicable to conversion claims is asserted pursuant to TEX. CIV. PRAC. & REM. CODE § 16.003.

73. The defenses of truth and qualified privilege are asserted.

74. The defense of failure to mitigate is asserted.

75. The defenses of proportionate responsibility and contribution are asserted pursuant to TEX. CIV. PRAC. & REM. CODE ch. 33.

## VIII. APPLICATION FOR WIND-UP AND TERMINATION & RECEIVERSHIP

76. Based on the pertinent facts set forth in this Petition, Plaintiff seeks the winding up and termination of AE Partners Holdings, Inc., AEP Asset Holdings, LLC, Alliance Energy Partners, LLC, and Invictus Drilling Motors, LLC under TEX. BUS. ORGS. CODE §§ 11.051 & 11.314 and the principles of equity.

77. In addition and in the alternative, Plaintiff seeks a receivership over the Defendant entities—excluding Connect Realty and the Lux Group—and/or their assets (specifically including but not limited to the 5450 Honea Egypt property, any ownership interest in Isodrill, Inc., and any direct award to any entity), pursuant to TEX. BUS. ORGS. CODE §§ 11.402-.405 and over the individual Defendants, and/or their assets (specifically including but not limited to the 5450 Honea Egypt property, the Mercedes Benz vehicle, and any real estate commission) pursuant to CPRC § 64.001(a)(6).

## IX. APPLICATION FOR INJUNCTIVE RELIEF

78. It is requested that Defendants be temporarily and permanently enjoined from wasting, damaging, disposing of, or encumbering any assets or property that rightly belongs to or which was misappropriated from AE Partners Holdings, Inc. and/or its subsidiaries and affiliates. Furthermore, Defendants, other than Defendant Connect Realty, are of questionable solvency. Injunctive relief is requested and is proper under CPRC § 65.011(1), (2), (3), and (5). Plaintiff is willing to post bond.

## X. CONDITIONS PRECEDENT

79. All conditions precedent to Plaintiff's recovery and the claims made the subject of this suit have occurred, have been performed, or have been waived or excused.

## XI. AMENDMENT & ALTERNATIVE PLEADING

80. Plaintiff reserves the right to amend its petition as discovery progresses, as new

information is discovered, and as further allowed by the Texas Rules of Civil Procedure. Where appropriate, the claims and defenses in this Petition are pled in the alternative.

## XII. PRAYER

Plaintiff prays that citation be issued for Defendants to appear and answer and that the Court award Plaintiff relief from Defendants, jointly and severally, including but not limited to:

(1) Actual damages, including but not limited to lost profits, out-of-pocket damages, mitigation damages, and restitution;
(2) Exemplary damages;
(3) Nominal damages with respect to all claims;
(4) Rescission (including recission of all or part of the 2022 restructure and/or rescission of any self-dealing transactions);
(5) Disgorgement/fee forfeiture;
(6) Title to the 5450 Honea Egypt property;
(7) A constructive trust;
(8) Receivership;
(9) Temporary and permanent injunctive relief;
(10) Attorney's fees; and
(11) Statutory and equitable prejudgment interest and postjudgment interest and costs.

Plaintiff also prays that the Court grant Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

IRELAN MCDANIEL, PLLC

By: /s/ Noah Meek
_____
Noah E. W. Meek
State Bar No. 24084554
Email: nmeek@imtexaslaw.com
2520 Caroline St., 2nd Floor
Houston, Texas 77004
Phone: (713) 222-7666
Fax: (713) 222-7669

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      This is to certify that on March 27, 2025, a true and correct copy of this <u>Plaintiff's Eighth Amended Petition</u> was served upon all parties *via E-Service* in compliance with TRCP 21 and 21a.

J. Randal Bays & Alyssa M. Cuellar, *Counsel for Furr Defendants*
        **VIA Email: randy@baysfirm.com**
        **VIA Email: alyssa@baysfirm.com**

Branch M. Sheppard, *Counsel for Realtor Defendants*
        **VIA Email: bsheppard@mcglinchey.com**

                                            **/s/ Noah Meek**
                                            _____
                                            Noah Meek