# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy No. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC, and | § | Chapter 11 |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |
| | § | |
| DUSTIN ETTERS, | § | |
| | § | |
| Plaintiff. | § | Adversary No. 25-03382 |
| v. | § | |
| | § | |
| JEROD P. FURR, ET AL, | § | |
| | § | |
| Defendants, | § | |

## TRUSTEE'S POSITION STATEMENT FOR STATUS CONFERENCE ON OCTOBER 6, 2025

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Tom A. Howley ("**Howley**"), in his capacity as the chapter 11 trustee (the "**Trustee**") in the above-numbered and styled bankruptcy proceedings (the "**Chapter 11 Cases**") for the estates of the above-referenced Debtors, Alliance Farm and Ranch, LLC ("**AFR**" or "**AFR Debtor**"), and Alliance Energy Partners, LLC ("**AEP**" or "**AEP Debtor**") hereby files this Position Statement (the "**Statement**") in above-referenced adversary proceeding ("**Adversary Proceeding**" or "**Adversary**") related to ECF No. 37, courtroom minutes ("**Minutes**"), ECF No. 39, Plaintiff's Ninth Amended Complaint ("**Etter Complaint**"), and ECF No. 40, Defendants' Counterclaim and Original Third-Party Petition ("**Furr Counterclaim**") (the Etter Complaint and the Furr Counterclaim collectively referred to herein as the "**Insider Assertions**") and respectfully states as follows:

1

1.  <u>Relief Requested</u>: To the extent the Court is going to order relief at the status hearing on October 6, 2025, the Trustee respectfully requests (a) in the main bankruptcy case, the Court set a hearing date (before the end of the year or early next year) and associated deadlines for confirmation of the Plan, which will address important threshold issues related to this Adversary (the Plan Proponents will be filing a motion for such relief in the main case if such motion has not already been filed); (b) in this Adversary, without prejudice and with full reservation of the Trustee's rights, maintain the abatement except for the limited purpose of allowing discovery to proceed by Etter and Furr and their related entities related to their individual claims (that may overlap with the estate claims) against each other. After the confirmation hearing, the Court should enter a scheduling order requiring by a date certain that the Trustee/Liquidating Trustee assert any estate claims and otherwise intervene in the Adversary.

2.  <u>This Statement is not an answer to the Insider Assertions</u>. The Statement is a response to the Court's direction reflected in the Minutes as to whether the stay should be lifted to allow Etter and Furr to move forward with their lawsuits when they involve estate claims. The Trustee is not a formal party to the Adversary and this Statement is not a formal answer to the Insider Assertions. Therefore, if the Court is inclined to lift the stay, the Trustee would request a sufficient period of time to answer or otherwise file motions to dismiss.

3.  <u>Preliminary Statement</u>. This bankruptcy case is about liquidating assets for the real creditors. This case is not about allowing the previous owners, Etter and Furr, and their related entities to distract attention and waste estate resources related to their business divorce to the detriment of the real creditors. The Trustee and the Committee have filed a Plan that moves this case forward in the most efficient manner, i.e., minimizing costs and addressing issues at the appropriate time to avoid duplication.

4. <u>The Plan will maximize value for the real creditors (versus old equity) including addressing certain threshold issues that are necessary to narrow and avoid duplication of the issues in Adversary.</u>  On October 2, 2025, the Trustee and the Official Committee of Unsecured Creditors ("**Committee**") filed the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC ("**Plan**").  See ECF No. 187.  The Plan is incorporated herein by reference and undefined terms used herein shall have the meanings ascribed to them in the Plan.   The Plan addresses necessary threshold issues that must be decided before Furr and Etter waste more estate resources including the following threshold issues: (i) the ongoing investigation of, identification of, preservation of, and prosecution of estate claims, See page 23 of the Plan and the Forensic Report attached as Exhibit B to the Plan; (ii) the separate classification of and the objection contained in the plan to asserted claims by Etter and Furr in their proofs of claim and in this Adversary, See Plan at ECR No. 187, page 12-13; and (iii) the substantive consolidation of the Debtors (because it is warranted under the Fifth Circuit law and prevents Etter from bootstrapping his obvious equity interest to a double derivative claim). See Plan at ECF No. 187, pages 10 and 41-42.

5. <u>The Adversary is a distraction by former owners of the Debtor that wastes resources to the detriment of the real creditors of these Chapter 11 Cases.</u>  This Adversary involves claims by the Insiders that are either (i) claims against the Debtors; and/or (ii) claims of the estate; and/or (iii) claims that overlap with (i) and (ii). The claims against the Debtors shall be treated according to the Plan under Class 4 after the claims resolution process contemplated by this Plan. The estate claims will be reserved properly in the Plan Supplement and prosecuted for the benefit of Class 3 pursuant to the Plan.  The parties agreed to an injunction to prevent dissipation and allow the

Trustee to investigate estate claims. The Adversary should not proceed forward except as stated herein.

6. <u>Furr and Etter have no standing to assert estate causes of action</u>. Except as discussed below, the alleged causes of action in the Etter Complaint (Counts VA, VB, VC, VD, VE, and VI) and the alleged causes of action in the Furr Counterclaim (Counts A, B, C, D, F, G, H, I, and J) are estate claims. Therefore, Furr and Etter and their related entities have no standing to assert these estate claims. All the mentioned asserted causes of action involve in whole or in part harm to the Debtors, and therefore, are derivative claims held by the Debtors' estates including for example (i) asserted breach of fiduciary duty claims based on alleged actionable transfers from the Debtors; and (ii) asserted claims that involve using the AFR Debtor as an instrumentality to perpetuate fraud. Some of the claims asserted in the Adversary are directly held by the Debtors. Etter's attempts to name certain causes as individual claims must fail. The abatement/stay should not be lifted to allow Furr and Etter to prosecute estate claims.

7. <u>The Plan contains an objection to the claims asserted by Furr and Etter against the Debtors.</u> Furr and Etter have asserted the proofs of claim against the Debtors. The claim bar date has passed. The Adversary also contains numerous claims against the Debtors. The Plan objects to these asserted claims and provides how the asserted claims will be treated. All of the claims asserted by Furr and Etter are subject to debt recharacterization and/or equitable subordination and will be dealt with at plan confirmation. The abatement/stay should not be lifted to allow Furr and Etter to prosecute claims against the Debtors.

8. <u>Etter and Furr have not met their burden to have the stay/abatement lifted</u>. Neither Etter nor Furr have filed a pleading asking for relief from the stay/abatement in this Adversary.

Indeed, the Insider Assertions do not clearly (or otherwise) delineate estate causes of action from individual causes of action. The stay/abatement should not lifted based on the Insider Assertions.

9. <u>Individual Claims</u> – Without waiving any rights, the Trustee is not opposed to Furr and Etter moving forward with the two arguably individual claims described in this paragraph. The Etter Complaint, in Count VF, asserts a claim for books and records against a non-debtor entity. The Furr Counterclaim, in Count E, asserts a claim for defamation against Etter.

10. <u>Etter's Claim for Receiver Will be Dismissed</u> – The Etter Complaint contains a claim for a receiver, which will be dismissed if this Court allows the Adversary to proceed. See section 105(b) of the Bankruptcy Code; *Kosmala v. Baek (In re Halvorson),* 607 B.R. 680 (Bankr. C.D. Cal. 2019). Allowing this claim to move forward will be a waste of estate resources.

11. <u>Etter's Claim for Injunctive Relief is Moot</u> – The Etter Complaint contains a request for an injunction, which is moot considering this Court has entered the Agreed Injunction in this Adversary. Allowing this claim to move forward will be a waste of estate resources.

12. The bottom line is that this Adversary should not be driven by former equity holders of the Debtors who have asserted unsecured claims that will most likely be recharacterized as equity. The true creditors of these Debtors' estates deserve (i) to have estate claims properly preserved; and (ii) to avoid unnecessary fees and costs, effectively a surcharge against their ultimate recovery, that will be incurred if the Adversary is allowed to move forward with the Insider Assertions.

Dated: October 5, 2025

Respectfully submitted,

**HOWLEY LAW PLLC**

/s/ Eric Terry
Eric Terry - State Bar No. 00794729
HOWLEY LAW PLLC
700 Louisiana Street Suite 4220
Houston, Texas 77002
Phone: 713-333-9125
Email: eric@howley-law.com

*Trustee Counsel*

## CERTIFICATE OF SERVICE

I certify that on October 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Eric Terry*
Eric Terry