IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DUSTIN ETTER** § | |
| § | |
| v. § | Adversary Case No. 25-03382 |
| § | |
| **JEROD P. FURR, et al.** § | |

## JOINT EMERGENCY MOTION TO LIFT ABATEMENT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**MOVANTS HAVE REQUESTED THAT THIS MOTION BE HEARD ON FEBRUARY 5, 2026 AT 2:00 PM AND WILL BE CONDUCTED REMOTELY.**

Plaintiff Dustin Etter, the chapter 11 trustee (the "**Trustee**") of Alliance Farm and Ranch, LLC ("**AFR**") and Alliance Energy Partners, LLC ("**AEP**"), jointly administered under Case No. 25-30155 (the "**Debtors**"), and the Official Committee of Unsecured Creditors (the "**Committee**"

and together with Etter and the Trustee, the "**Movants**") appointed in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") files this *Emergency Motion to Lift Abatement* (the "**Abatement Motion**") in connection with the contemporaneously filed *Joint Emergency Motion for Temporary Restraining Order and Temporary Injunction* (the "**TI Motion**") seeking a temporary restraining order and a temporary injunction to prevent Defendant Jerod Furr from further dissipating assets of AE Partners Holdings, Inc. ("**AEPH**") which is the parent company of Debtor AEP to which the Movants have claims.

1.  The Chapter 11 Cases ultimately arise out of the collapse of the business of Debtor AEP and its affiliates, including its parent company AEPH and other entities wholly owned by AEPH. Defendant Furr was the president and controlling shareholder of AEPH and the president of AEP. Plaintiff Etter was the other owner with 49% of the shares in AEPH. The Movants assert and agree that Defendant Furr improperly dissipating millions of dollars from the Debtor AEP and its business in direct and indirect payments to himself and for his benefit from at least 2022 through the filing of the bankruptcy was a significant factor in the collapse that led to these Chapter 11 Cases.

2.  One meaningful, albeit speculative, asset of AEPH is a substantial interest in the business IsoDrill, Inc., which is an start up business in the oil & gas industry. The Movants have recently learned that the shares (the "**Shared**") in IsoDrill presently owned by AEPH were paid for and owned by Debtor AEP, until being transferred to AEPH on or about Augst 10, 2023. Doc. 47-1, Stock Exchange Agreement; *see also* Doc. 47-2, December 23, 2025 Email from IsoDrill; Doc. 47-3, Declaration of Noah Meek.

3.  The Shares were a significant part of the mediated settlement agreement ("**MSA**") entered into between the Movants and Plaintiff Etter at a mediation on December 11, 2025. Doc. Doc. 237-1 in the Chapter 11 Cases, Mediated Settlement Agreement. The MSA required, among

other things, that Defendant Furr attempt to secure any necessary approvals for 65% of the Shares to be transferred to Plaintiff Etter. Defendant Furr appears to have been able to do so at the time he signed the MSA on December 11, 2025. This is because although there were certain restrictions on the transfer of shares and a right of first refusal, those restrictions were set to expire on January 1, 2026, per Section 2.1 of IsoDrill's Second Amended & Restated Stockholders Agreement. Doc. 47-4. Instead of honoring and abiding by the terms of the MSA, Defendant Furr instead appears to have deliberately acted in contravention of the MSA and further sought to prevent the Movants getting any near-term value from the shares by quickly entering into a new Third Amended & Restated Stockholders Agreement on December 23, 2025, which purported to extend the transfer restrictions to January 1, 2029. Doc. 47-5. The new restrictions on transfer of the Shares are also in violation of both the letter and spirit the *Stipulated and Agreed Temporary Injunction* agreed to by all parties and signed by the Court on July 22, 2025, which among other things prohibited any transfer or disposition of "investment interests" of AEPH. Doc. 23.

4.     The Movants jointly request that the Court lift the abatement in the adversary proceeding to allow them to seek a temporary restraining order and a temporary injunction, as described in the TI Motion contemporaneously with this Abatement Motion, and other appropriate relief, including a possible motion for contempt for violation of the Court's Agreed TI, to prevent and investigate Defendant Furr's continued efforts to misappropriate and interfere with assets to which the Movants have claims.

## **PRAYER**

The Movants request and pray that the abatement be lifted and for such other and further relief to which Movants may be justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By: /s/ Noah Meek
    Noah E. W. Meek
    State Bar No. 24084554
    Email: nmeek@irelanlaw.com
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone:  (713) 222-7666
    Fax:     (713) 222-7669

**ATTORNEYS FOR PLAINTIFF DUSTIN ETTER**

**APPROVED, AGREED, & ENTRY REQUESTED:**

| /s/ Eric Terry | /s/ Will Hotze |
|---|---|
| Eric Terry | William Hotze |
| State Bar No. 00794729 | State Bar No. 24087754 |
| HOWLEY LAW PLLC | Nicholas Zugaro |
| 700 Louisiana Street Suite 4545 | State Bar No. 24070905 |
| Houston, Texas 77002 | 1401 McKinney Street, Suite 1625 |
| Phone: 713-333-9125 | Houston, Texas 77010 |
| Email: eric@howley-law.com | Telephone: (713) 904-6900 |
| | Email: whotze@dykema.com |
| |        nzugaro@dykema.com |
| **ATTORNEYS FOR TRUSTEE** | **ATTORNEYS FOR OFFICIAL COMMITTEE FOR UNSECURED CREDITORS** |

### CERTIFICATE OF SERVICE

This is to certify that on February 2, 2026, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

/s/ Noah Meek
Noah Meek