IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DUSTIN ETTER** § | |
| § | |
| v. § | Adversary Case No. 25-03382 |
| § | |
| **JEROD P. FURR, et al.** § | |

**JOINT EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER AND
<u>TEMPORARY INJUNCTION</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**MOVANTS HAVE REQUESTED THAT THIS MOTION BE HEARD ON FEBRUARY 5, 2026 AT 2:00 PM AND WILL BE CONDUCTED REMOTELY.**

Plaintiff Dustin Etter ("**Etter**"), the chapter 11 trustee (the "**Trustee**") of Alliance Farm and Ranch, LLC ("**AFR**") and Alliance Energy Partners, LLC ("**AEP**"), jointly administered under

Case No. 25-30155 (the "**Debtors**"), and the Official Committee of Unsecured Creditors (the "**Committee**" and together with Etter and the Trustee, the "**Movants**") appointed in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") files this *Joint Emergency Motion for Temporary Restraining Order and Temporary Injunction* (the "**TRO Motion**") in connection with seeking a temporary restraining order and a temporary injunction to prevent Defendant Jerod Furr ("**Furr**") from further dissipating assets of AE Partners Holdings, Inc. ("**AEPH**") which is the parent company of Debtor Alliance Energy Partners, LLC ("**AEP**") to which the Movants have claims. The Movants file this TRO Motion because they assert that Defendant Furr has engaged in a systematic and deliberate pattern of transferring, disposing of, and/or interfering with assets in dispute in apparent anticipation of likely court action, including assets immediately before and after the filing of this bankruptcy, making immediate and expansive relief necessary.

1. The Movants have learned that on or about December 23, 2025, Defendant Furr signed an agreement to extend the restriction period (the "**Restriction Period**") preventing AEPH transferring shares (the "**Shares**") in IsoDrill, Inc. ("**IsoDrill**") from January 1, 2026 to January 1, 2029. The Shares were originally purchased and owned by Debtor AEP for more than $1,000,000. Doc. No. 48-1, IsoDrill Notice of Election to Purchase. This action to extend the Restriction Period represents an extraordinary and inappropriate attempt to tie up and interfere with a potentially significant asset to which the Trustee and Plaintiff have claims in violation of the letter and spirit of both: (a) the *Stipulated and Agreed Temporary Injunction* agreed to by all parties and signed by the Court on July 22, 2025 (the "**Agreed TI**"), which among other things prohibits any transfer or disposition of "investment interests" of AEPH [Doc. No. 23] and (b) the *Mediated Settlement Agreement* (the "**MSA**") which Defendant Furr signed on December 11 2025 [Doc. No. 237-1 in the Chapter 11 Cases] in which Defendant Furr agreed that the Shares would be transferred 65% to Plaintiff Etter and 35% to Defendant Furr.

2. Without waiver of their rights, or those of any other interested party, to seek relief for violation of the Agreed TI, the Movants seek further and additional injunctive relief prohibiting Defendant Furr from taking any action, without the written consent of either the Court or the Trustee, which substantially affects the ownership, control, or disposition of any asset which has ever been titled in the name of or paid for in whole or in substantial part by either of the Debtors, AEPH, or any present or former subsidiary or affiliate of the Debtor AEP.

3. The IsoDrill shares constituted a significant part of the consideration in the MSA entered into between the Movants and Defendant Furr. Doc. 237-1 in the Chapter 11 Cases. The MSA required, among other things, that Defendant Furr attempt to secure any necessary approvals for 65% of the Shares to be transferred to Plaintiff Etter. Defendant Furr appears to have been able to do so at the time he signed the MSA. This is because, although there were certain restrictions on the transfer of shares and a right of first refusal, those restrictions were set to expire on January 1, 2026, per Section 2.1 of IsoDrill's *Second Amended & Restated Stockholders Agreement*. Doc. 47-4. Instead of honoring and abiding by the terms of the MSA, Defendant Furr instead appears to have deliberately acted in contravention to the MSA and sought to prevent the Movants getting any near-term value from the shares by quickly entering into a new *Third Amended & Restated Stockholders Agreement* on December 23, 2025, which purported to extend the transfer restrictions to January 1, 2029. Doc. 47-5. The new restrictions on transfer of the Shares are also in violation of both the letter and spirit the Agreed TI agreed to by all parties and signed by the Court on July 22, 2025, which, among other things, prohibited any transfer or disposition of "investment interests" of AEPH. Doc. 23.

4. Plaintiff Etter also has information and belief that a car paid for by Debtor AEP and put in the name of Plaintiff's wife was transferred by Defendant Furr on or about July 1, 2025. Doc. 48-2, CarFax Report; see also Doc. 187 in the main case, Harney Partners Report, pg. 97.

5. Defendant Furr's latest actions are a part of a continuing pattern of conduct which is unlikely to abate until he is faced with consequences. Below, for the convenience of the Court, is a summary of just a few examples of improper transfers by Defendant Furr:

- Transferring $70,000 out of Debtor AFR the day it filed for bankruptcy, effectively emptying its bank account. Doc. 96-1 in the main bankruptcy case, pg. 37.

- Transferring $300,000 out of Debtor AEP within 90 days before it filed for bankruptcy, effectively emptying its bank account. Doc. 20-1; Doc. 20-2; Doc. 20-3.

- Attempting to pocket at least $500,000 (if not the full $1,500,000) out of Debtor AFR's sale of its ranchette property after the Petition Date. See Doc. 94-1 in the Chapter 11 Cases.

- Transferring a truck in the name of Plaintiff's wife, which was paid for by Debtor AEP, after AEP filed for bankruptcy. Doc. 48-1.

- Purporting to change transfer restriction on the Shares which are titled to AEPH, but which were originally paid for and titled to Debtor AEP from ending on January 1, 2026 to ending on January 1, 2029 after entering into the MSA on December 23, 2025, in which he agreed to try to cause those shares to be transferred to Plaintiff Etter. Doc. 47-5.

6. Defendant Furr has significant assets directly or indirectly paid for by one or both Debtors, including property paid for within 90 days of the Debtors' initial bankruptcy filings. E.g., Doc. 187 in the Chapter 11 Cases, Harney Partners Report, pgs. 89-93 & 97. Defendant Furr should be prohibited from exercising any further dominion or control over these various assets, including selling or transferring them, or restricting their transfer, until ownership over the assets can be fully adjudicated.

7. The Movants jointly request that the Court enter a more expansive temporary restraining order and a temporary injunction to prevent and investigate Defendant Furr's continued efforts to misappropriate and interfere with assets to which the Movants have claims. Movants are exposed to imminent and irreparable harm if injunctive relief is not granted.

8. To the extent required by law, Plaintiff is willing to post bond.

## PRAYER

The Movants request and pray that a temporary restraining order and temporary injunction be granted and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By: /s/ Noah Meek
Noah E. W. Meek
State Bar No. 24084554
Email: nmeek@irelanlaw.com
2520 Caroline St., 2nd Floor
Houston, Texas 77004
Phone:  (713) 222-7666
Fax:    (713) 222-7669

**ATTORNEYS FOR PLAINTIFF DUSTIN ETTER**

**APPROVED, AGREED, & ENTRY REQUESTED:**

| /s/ Eric Terry | /s/ Will Hotze |
|---|---|
| Eric Terry | William Hotze |
| State Bar No. 00794729 | State Bar No. 24087754 |
| HOWLEY LAW PLLC | Nicholas Zugaro |
| 700 Louisiana Street Suite 4545 | State Bar No. 24070905 |
| Houston, Texas 77002 | 1401 McKinney Street, Suite 1625 |
| Phone: 713-333-9125 | Houston, Texas 77010 |
| Email: eric@howley-law.com | Telephone: (713) 904-6900 |
|  | Email: whotze@dykema.com |
|  | nzugaro@dykema.com |
| **ATTORNEYS FOR TRUSTEE** | **ATTORNEYS FOR OFFICIAL COMMITTEE FOR UNSECURED CREDITORS** |

## CERTIFICATE OF SERVICE

This is to certify that on February 2, 2026, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

/s/ Noah Meek
Noah Meek