IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DUSTIN ETTER** | § | |
| | § | |
| v. | § | Adversary Case No. 25-03382 |
| | § | |
| **JEROD P. FURR, et al.** | § | |

### TEMPORARY RESTRAINING ORDER

The Movants'[1] *Emergency Motion for Temporary Restraining Order and Temporary Injunction* (the "**TI Motion**") is in all things GRANTED with respect to its request for a temporary restraining order as follows:

1. The Court FINDS that significant amounts of money were transferred from the Debtors (i) after the filing of the applicable petition date and (ii) within 90 days and 1 year of their respective initial bankruptcy filings into accounts of AFR, Jerod Furr, and J. Parker Construction, LLC (which is an entity owned and controlled by Defendant Furr). This includes a $70,000 post-petition transfer that Defendant Furr caused AFR to make to himself and a $300,000 transfer that Jerod Furr caused AEP to make to his entity J. Parker Construction, LLC within 90 days before AEP filed for bankruptcy.

2. The Court FINDS that significant transfers were made from accounts of AEPH—in which Dustin Etter is at least a 49% owner and which received significant transfers from Debtor AEP within 1 year of AEP's bankruptcy filing—and AEPH's subsidiary Invictus Drilling Motors, LLC ("**Invictus**") within 90 days and 1 year of the respective initial bankruptcy filings of AFR and AEP.

3. The Court FINDS that at least some of the funds which were transferred as

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the TI Motion.

**1** of 3

described above have been spent, transferred, or otherwise dissipated since the AFR and AEP bankruptcy filings.

4. The Court FINDS that AEP, AFR, and Plaintiff Etter have colorable legal and equitable claims to some or all of said funds and property.

5. The Court FINDS that on or about December 23, 2025, Defendant Furr agreed or consented to extend transfer restrictions on the Shares from January 1, 2026 to January 1, 2029, which were then held by Debtor AEP's parent company but which were paid for by AEP. Defendant Furr did so despite having entered into the MSA which required him to seek approval of transfer of 65% of those shares to Plaintiff Etter.

6. The Court FINDS that Defendant Furr has shown a pattern of transferring or affecting disputed funds and other assets in anticipation of or in response to court action, such that immediate and irreparable injury, loss, or damage will likely result if immediate relief is not granted.

7. Therefore, the Court ORDERS as follows:

   Jerod Furr—and all persons acting in privity or in concert with him as well as his officers, agents, servants, employees, and attorneys—is in all things PROHIBITED and ENJOINED from spending, transferring, encumbering, or otherwise disposing of, or entering into or approving any restriction on the transfer or sale of any funds, drilling motors, patents, investment interests, vehicles (including but not limited to automobiles), or other property of or received from or substantially funded by AEP, AFR, AEPH, Invictus, or any subsidiary of any of those entities at any time on or after October 1, 2023 without the written consent of the Trustee or the Court.

8. Pursuant to Fed. R. Bankr. P. 7065, no bond is required.

9. Unless Extended by the Court, this Order expires on:

   _____, 2026.

10. A hearing on the request for a preliminary injunction is set for:

    _____ on _____, 2026.

11. This order is not in waiver or limitation of the prior agreed injunction entered in this matter.

SIGNED at _____ on _____, 2026.

_____
JUDGE PRESIDING

Respectfully submitted,

IRELAN STEPHENS, PLLC

By: /s/ Noah Meek
_____
Noah E. W. Meek
State Bar No. 24084554
Email: nmeek@irelanlaw.com
2520 Caroline St., 2nd Floor
Houston, Texas 77004
Phone: (713) 222-7666
Fax: (713) 222-7669

**ATTORNEYS FOR PLAINTIFF DUSTIN ETTER**

**APPROVED, AGREED, & ENTRY REQUESTED:**

| /s/ Eric Terry | /s/ Will Hotze |
|---|---|
| Eric Terry | William Hotze |
| State Bar No. 00794729 | State Bar No. 24087754 |
| HOWLEY LAW PLLC | Nicholas Zugaro |
| 700 Louisiana Street Suite 4545 | State Bar No. 24070905 |
| Houston, Texas 77002 | 1401 McKinney Street, Suite 1625 |
| Phone: 713-333-9125 | Houston, Texas 77010 |
| Email: eric@howley-law.com | Telephone: (713) 904-6900 |
| | Email: whotze@dykema.com |
| | nzugaro@dykema.com |
| **ATTORNEYS FOR TRUSTEE** | **ATTORNEYS FOR OFFICIAL COMMITTEE FOR UNSECURED CREDITORS** |

**3** of **3**