

PENDERGRAFT SIMON LLP

ATTORNEYS AT LAW

2777 Allen Parkway, Suite 8200 | Houston, Texas 77019 | www.pendergraftsimon.com
EMAIL: lsimon@pendergraftsimon.com   PHONE: 713-528-8555   CELL: 713-253-2810   FAX: 832-202-2810

Leonard H. Simon
Board Certified in Business Bankruptcy Law
Texas Board of Legal Specialization

February 4, 2025

**Noah E. Meek**
**Irelan Stephens, PLLC**
**2520 Caroline St.**
**2nd Floor**
**Houston, TX 77004**
**nmeek@irelanlaw.com**

**William James Hotze**
**Dykema Gossett, PLLC**
**5 Houston Center**
**1401 McKinney St.**
**Suite 1625**
**Houston, TX 77010**
**whotze@dykema.com**

**Thomas A. Howley**
**Eric Terry**
**Howley Law, PLLC**
**700 Louisiana St.**
**Suite 4220**
**Houston, TX 77002**
**tom@howley-law.com**
**eric@howley-law.com**

**Eric Terry**
**State Bar No. 00794729**
**HOWLEY LAW PLLC**
**700 Louisiana Street Suite 4545**
**Houston, Texas 77002**
**Phone: 713-333-9125**
**Email: eric@howley-law.com**

February 4, 2026
Page **2** of **2**

---

## Re: Rule 11 Safe Harbor Letter

Gentlemen:

On February 2, 2026, Dustin Etter ("Etter"), the Unsecured Creditors' Committee ("Committee"), and the Trustee in the captioned case, Tom Howley ("Trustee") filed the following emergency motions:

    a. Emergency Motion For Temporary Restraining Order And Temporary Injunction (the "TI Motion"); and

    b. Joint Emergency Motion to Lift Abatement the ("Lift Abatement Motion").

Attached is a draft of Jerod Furr's Verified (A) Response to Emergency Motion For Temporary Restraining Order And Temporary Injunction, (B) Response to Joint Emergency Motion to Lift Abatement and (C) Emergency Motion for Sanctions.

I will ask the Court to waive the 21 day safe harbor provision of Bankruptcy Rule 7011.

Please do the right thing and withdraw the Lift Abatement Motion and TI Motion as they contain allegations that are intentionally false, abusive and hyperbolic in nature, intended to cause the maximum amount of harm to Mr. Furr possible. Alternatively, the allegations are false and the conduct of Etter, the Committee and the Trustee and their respective counsel constitute reckless and abusive conduct. If you do not withdraw your Lift Abatement Motion and TI Motion by 8:00AM on February 5, 2026, I will file the attached pleading.

                                                                        Very truly yours,
                                                                        */s/ Leonard H. Simon*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | **Bankruptcy No. 25-30155** |
| **ALLIANCE FARM & RANCH, LLC** § | | **Chapter 11** |
| **and ALLIANCE ENERGY** § | | **(Jointly Administered)** |
| **PARTNERS, LLC.** § | | |
| § | | |
| *Debtors.* § | | |
| § | | |
| **HOLDINGS, LLC, AND DUSTIN** § | | |
| **ETTER, ALLIANCE ENERGY** § | | |
| **PARNERS, LLC, AE PARTNERS** § | | |
| **HOLDINGS, INC., AE PARTNERS** § | | |
| **HOLDINGS, L C AEP ASSET** § | | |
| **INVICTIS DRILLING MOTORS,** § | | |
| **LLC,** § | | |
| § | | |
| *Plaintiffs and Counter-Defendants* § | | |
| § | | |
| **V.** § | | **Adversary No. 25-03382** |
| § | | **(Jury Trial Demanded)** |
| **JEROD P. FURR, CORINA FURR** § | | |
| **ALLIANCE FARM & RANCH, LLC,** § | | |
| **AE PARTNERS HOLDINGS, LLC, AE** § | | |
| **PARTNERS HOLDINGS, INC.,** § | | |
| **ALLIANCE ENERGY PARTNERS,** § | | |
| **LLC, AEP ASSET HOLDINGS, LLC,** § | | |
| **and INVICTIS DRILLING MOTORS,** § | | |
| **LLC,** § | | |
| § | | |
| *Defendants, Counter-Plaintiffs* § | | |

**JARED FURR'S VERIFIED (A) RESPONSE TO EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION, (B)
RESPONSE TO JOINT EMERGENCY MOTION TO LIFT ABATEMENT, AND (C)
<u>EMERGENCY MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 7011</u>**

**(Response to ECF 47 and 48)**

1

**THE MOTION FOR SANCTIONS SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION FOR SANCTIONS ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**MOVANT WILL REQUEST THAT THIS MOTION BE HEARD ON FEBRUARY 6, 2026 AT 11:00 AM.**

**TO THE HONORABLE ALFREDO PEREZ, UNITED STATES BANKRUPTCY JUDGE:**

Comes now Jared Furr and files this Verified (A) Response to Emergency Motion For Temporary Restraining Order And Temporary Injunction, (B) Response to Joint Emergency Motion to Lift Abatement, and (C) Emergency Motion for Sanctions Under Bankruptcy Rule 7011, and for cause would respectfully represent:

2

# I.

## INTRODUCTION

1. On February 2, 2026, Dustin Etter ("Etter"), the Unsecured Creditors' Committee ("Committee"), and the Trustee in the captioned case, Tom Howley ("Trustee") filed the following emergency motions:

   a. Emergency Motion For Temporary Restraining Order And Temporary Injunction (the "TI Motion"); and

   b. Joint Emergency Motion to Lift Abatement the ("Lift Abatement Motion").

2. This is a verified response by Jerod Furr to the Lift Abatement Motion and the TI Motion.

3. This is also a Verified Emergency Motion for Sanctions Under Bankruptcy Rule 7011.

4. The exhibits attached here4to prove that the allegations in the Lift Abatement Motion and the TI Motion are false and sanctionable under Bankruptcy Rule 7011.

# II.

## VERIFIED RESPONSE TO LIFT ABATEMENT MOTION AND TI MOTION

5. AEP Partners Holdings, Inc. ("Holdings") is the parent company of Alliance Energy Partners, LLC. ("AEP"), one of the Debtors herein. Jared Furr is an owner of 51% of the equity interests of Holdings. Dustin Etter is the owner of 49% of the equity interest of Holdings. Holdings owns a 10% minority interest in Isodrill, Inc. ("Isodrill"). Jared Furr is not on the board of directors of Isodrill, nor is he an officer of the company.

6. Etter, the Trustee and the Committee have attached to their TI Motion an unsigned copy of a document entitled *Third Amended & Restated Stockholders Agreement* dated December

3

23, 2025, ECF Doc. 47-5 (the "*3rd Amended Stockholders Agreement* "). The Trustee, Committee and Etter, through their lawyers, have **falsely alleged** that Jared Furr executed the *3rd Amended Stockholders Agreement,* a clear violation of Bankruptcy Rule 7011.

7.     In fact, Jared Furr neither executed the *3rd Amended Stockholders Agreement,* nor did he vote to approve the relief provided for therein. *See* Unsworn Declaration of Jared Furr attached hereto as **Exhibit "1"**, and incorporated herein by reference for all purposes.

8.     On February 2, 2026, Isodrill's attorney, Steven R. Rech, confirmed that Jerod Furr did not execute the *3rd Amended Stockholders Agreement* and confirmed further that Jerod Furr did not vote in favor of th*e 3rd Amended Stockholders Agreement* .A true and correct copy of this email is attached hereto as **Exhibit "2"**, and is incorporated herein by reference for all purposes. This email was immediately shared with the Trustee, the Committee and Etter, through their attorneys.

9.     After learning of the MSA, Isodrill's attorney, Steven R. Rech, sent all of the relevant documents to the Trustee, the Committee, Etter and Jared Furr on December 23, 2025. Among the documents transmitted by Mr. Rech was the unsigned *3rd Amended Stockholders Agreement*.

10.    On December 26, 2025, Mr. Rech sent a letter to the attorney for Jared Furr, with a copy to the attorneys for the Trustee, and the attorneys for the Trustee, Committee and Etter addressing their position on the provisions in the MSA dealing with Isodrill. A true and correct copy of said letter is attached hereto as **Exhibit "3"**, and incorporated herein by reference for all purposes.

11.     Mr. Rech, Isodrill's attorney, then followed up with a second letter dated January 13, 2026, explaining further Isodrill's position. A true and correct copy of said letter is attached hereto as **Exhibit "4"**, and incorporated herein by reference for all purposes.

12.     The undersigned counsel for Mr. Furr has continuously attempted to settle the matter with Isodrill's attorney, and Etter's attorney, to no avail. *See* email exchange among the parties on January 5, 2026 attached hereto as **Exhibit "5"**, and incorporated herein by reference for all purposes.

13.     During January, 2026, the parties attempted to mediate the matter with Judge Isgur, but were not able to reach a resolution.

14.     At all times, Mr. Furr acted in good faith and attempted to reach a resolution of the outstanding matter. *See* email exchanges with Heather McIntyre dated January 5, 2026, and January 6, 2026, attached hereto as **Exhibits "5"& "6"**, and incorporated herein by reference for all purposes.

15.     Steven R. Rech, the attorney for Isodrill, sent a letter on February 3, 2026, in response to the TI Motion and the Abatement Motion refuting the allegations made by the Trustee, Etter, the Committee and their attorneys, attached hereto as **Exhibits "7"**, and incorporated herein by reference for all purposes.

16.     Based on the above responses and the exhibits referenced therein, it is c .ear that Etter, the Committee and the Trustee and their legal counsel have made serious flagrent misrepresentations in their TI Motion and Abatement Motion:

  a. The *3rd Amended Stockholders Agreement* was never executed or approved by Mr. Furr.

b. Mr. Furr never engaged in any conduct in violation of the word or spirit of the MSA.

c. Mr. Furr has never engaged in any conduct violating the word or spirit of the Stipulation and Agreed Injunction. Allegations in the TI Motion and Lift Abatement Motion to the contrary are false and misleading.

## III.
## VERIFIED MOTION FOR SANCTIONS

17. Jared Furr has given the "safe harbor" notice to Etter, the Committee, the Trustee and their respective attorneys. *See* February 4, 2026, Letter from Leonard H. Simon, attached hereto as **Exhibits "8"** , and incorporated herein by reference for all purposes.

18. Mr. Furr asks that the 21 day safe harbor provision be waived by this Court based on the emergency nature of the Lift Abatement Motion and TI Motion. Giving the full 21 day notice is impractical and impossible under the circumstances.

19. The allegations in the Lift Abatement Motion and the TI Motion are intentionally false, abusive and hyperbolic in nature, intended to cause the maximum amount of harm to Mr. Furr possible. Alternatively, the allegations are false and the conduct of Etter, the Committee and the Trustee and their respective counsel constitute reckless and abusive conduct. Damages should be awarded for 20 hours of time to prepare this response and emergency motion at the undersigned's hourly rate of $600.00 per hour plus the number of hours of trial time necessary to handle these matters at the undersigned's hourly rate of $600.00 per hour.

Respectfully submitted this 5th day of February 2026.

**PENDERGRAFT & SIMON, L.L.P.**

/s/ *Leonard H. Simon*
Leonard H. Simon
Texas Bar No. 18387400
S.D. Tex. Adm. No. 8200
William P. Haddock
Texas Bar No. 00793875
S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Counsel for Jerod Furr*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on February 4, 2026.

/s/ *Leonard H. Simon*
Leonard H. Simon

7