IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Bankruptcy No. 25-30155** |
| **ALLIANCE FARM & RANCH, LLC** | § | **Chapter 11** |
| **and ALLIANCE ENERGY** | § | **(Jointly Administered)** |
| **PARTNERS, LLC.** | § | |
| | § | |
| *Debtors.* | § | |
| | § | |
| **HOLDINGS, LLC, AND DUSTIN** | § | |
| **ETTER, ALLIANCE ENERGY** | § | |
| **PARNERS, LLC, AE PARTNERS** | § | |
| **HOLDINGS, INC., AE PARTNERS** | § | |
| **HOLDINGS, L C AEP ASSET** | § | |
| **INVICTIS DRILLING MOTORS,** | § | |
| **LLC,** | § | |
| | § | |
| *Plaintiffs and Counter-* | § | |
| *Defendants* | § | |
| | § | |
| **V.** | § | **Adversary No. 25-03382** |
| | § | **(Jury Trial Demanded)** |
| **JEROD P. FURR, CORINA FURR** | § | |
| **ALLIANCE FARM & RANCH, LLC,** | § | |
| **AE PARTNERS HOLDINGS, LLC, AE** | § | |
| **PARTNERS HOLDINGS, INC.,** | § | |
| **ALLIANCE ENERGY PARTNERS,** | § | |
| **LLC, AEP ASSET HOLDINGS, LLC,** | § | |
| **and INVICTIS DRILLING MOTORS,** | § | |
| **LLC,** | § | |
| | § | |
| *Defendants, Counter-* | § | |
| *Plaintiffs* | § | |

EXPEDITED MOTION TO WITHDRAW AS
COUNSEL FOR DEFENDANTS AND COUINTER-PLAINTIFFS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY
AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD
IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE
THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT

1

**AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

Pendergraft & Simon, LLP ("P&S") hereby files this Expedited Motion to Withdraw as Counsel for Defendants and Counter-Plaintiffs in the captioned adversary and Main Case, and for cause would respectfully show.

1.      Jerod Furr has failed to satisfy his financial obligations set forth in the attached POA and Fee Agreement.

2.      Jerod Furr has failed to follow -the advice of counsel in regards to the the handling of his case by the undersigned counsel. Specifically, the undersigned counsel has advised Mr. Furr to appeal the Confirmation Order, and he has refused and failed to follow the advice of the undersigned counsel.

3.      A conflict of interest exists because Mr. Furr has refused and failed to follow the advice of his undersigned counsel, and has failed to place an adequate retainer to cover the fees and expense in proceeding forward with his case

4.      The undersigned counsel cannot ethically continue representing Mr. Furr and the other entity defendants and counter-plaintiffs.

5.      Since the Plan has been confirmed, and no appeal has been taken, there is nothing further that can be done for Mr. Furr and the other Defendants and Counter-Plaintiffs in the main bankruptcy case.

6.      Furthermore, this Court lacks subject matter jurisdiction as to the captioned adversary proceeding because said proceeding in no way affects the bankruptcy estates.[1]  As a result of the Confirmed Plan, the bankruptcy estates have sold the causes of action that form the bases of Plaintiffs' claims to the Plaintiff, to the extent such causes of action were owned by the bankruptcy estates, and the bankruptcy estates retained no financial interest in the causes of action or any recoveries by the Plaintiff by virtue of said causes of action. As a result of the confirmed Plan and the releases provided for in the Mediated Settlement Agreement, the captioned adversary should either be dismissed for lack of subject matter jurisdiction, or the adversary proceeding should be remanded to the Montgomery State Court,.

**WHEREFORE,** P&S requests authorization to withdraw as counsel for Defendnats and Counter-Plaintiffs in the captioned adversary proceeding.

Respectfully submitted this 6th day of February 2026.

PENDERGRAFT & SIMON, L.L.P.

/s/ *Leonard H. Simon*
Leonard H. Simon
Texas Bar No. 18387400
S.D. Tex. Adm. No. 8200
William P. Haddock

---

[1] A proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987).

3

Texas Bar No. 00793875
S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Counsel for Defendants and Counter-
Plaintiffs*

## CERTIFICATE OF NOTICE TO
## JEROD FURR AND THE ENTITY DEFENDANTS

I hereby certify that I have, on this date, forwarded a copy of this Motion to Jerod Furr and his wife, through Mr. Furr, and the other corporate entity defendants, by and through Mr. Furr the chief executive officer of each of the entity Defendants. My understanding is that the captioned adversary proceeding has been abated by the Court, and said abatement is still in effect.

*/s/ Leonard H. Simon*
Leonard H. Simon

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on May 21, 2026.

*/s/ Leonard H. Simon*
Leonard H. Simon

4