**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DUSTIN ETTER** | § | |
| | § | |
| **v.** | § | **Adversary Case No. 25-03382** |
| | § | |
| **JEROD P. FURR, et al.** | § | |

### PLAINTIFF'S MOTION TO LIFT ABATEMENT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Plaintiff Dustin Etter files this Motion to Lift Abatement to lift the abatement of this case and to set new preliminary deadlines for this case so that it can be appropriately restructured and move forward in light of the confirmation of the plan and the settlement agreement between Mr. Etter and the Trustee in the main case (Case No. 25-30155). The Trustee is unopposed to this Motion.

1.      This bankruptcy ultimately arises out of the collapse of the business of Debtor AEP and its affiliates including its now-former parent company AEPH and other entities wholly owned by AEPH, as well as the collapse of Debtor AFR.

2.      Before the bankruptcy was filed, Defendant Jerod Furr wholly owned Debtor

**1** of 3

AFR and was the 51% owner of Debtor AEP's parent company, and Plaintiff Dustin Etter—who was the 49% owner of Debtor AEP's parent company—filed claims, including derivative claims on behalf of Debtor AEP, against Defendant Mr. Furr in this suit pre-removal in state court related to the collapse.

3. Shortly after removal and the appointment of a Chapter 11 Trustee, this case was abated at the request of the Trustee in order to avoid exposing the Debtors' bankruptcy estates to unnecessary costs while the Trustee investigated and pursued settlement and reorganization. The contemplated settlement and reorganization that was the reason for the abatement has now happened. On 4/30/2026, this Court approved a bankruptcy plan in the main bankruptcy case (Doc. 338 in Case No. 25-30155), which among other things included a settlement between Plaintiff Mr. Etter and the Trustee in which Mr. Etter would receive all of the equity of the Debtors and all of the non-cash assets of the Debtors including all of the Debtors' interests in any causes of action in this lawsuit and any bankruptcy preference and avoidance claims of the Estates.

4. The settlement allows this action to go forward without further exposure, risk, or cost to the estates and will also significantly reshape this action by shifting control of Debtors AEP and AFR from Defendant Mr. Furr to Plaintiff Mr. Etter as well as permitting Mr. Etter to pursue bankruptcy preference and avoidance claims against Defendant Mr. Furr and related parties that Mr. Etter acquired from the Trustee.

5. In light of the plan confirmation and the settlement, Plaintiff requests that the Court:

- Lift the abatement of this case; and
- Set new deadlines in this case including:

  a. Allowing each party that has asserted affirmative claims to amend their

pleadings asserting such claims within twenty-one (21) days;

b. Requiring answers or other responsive motions to those amended pleadings to be filed within the timeframes set forth in the Federal Rules of Bankruptcy Procedure;

c. Requiring each party to serve, or as appropriate amend, initial disclosures within thirty (30) days;

d. Set a Rule 16 conference; and

e. Set any other deadlines that the court deems reasonable and appropriate.

## PRAYER

Plaintiff Dustin Etter requests and prays that the abatement be lifted and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By:___/s/ Noah Meek_____
      Noah E. W. Meek
      State Bar No. 24084554
      Email: nmeek@irelanlaw.com
      2520 Caroline St., 2nd Floor
      Houston, Texas 77004
      Phone:  (713) 222-7666
      Fax:     (713) 222-7669

**ATTORNEYS FOR PLAINTIFF**
**DUSTIN ETTER**

## CERTIFICATE OF SERVICE

This is to certify that on May 22, 2026, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

_/s/ Noah Meek_____
Noah Meek

**3** of **3**