| | |
|---|---|
| **From:** | Noah Meek |
| **To:** | Deborah L. Crain |
| **Subject:** | Dustin Etter v. Jerod Furr, et al. & 5450 Honea Egypt Rd., Montgomery, Texas 77316 |
| **Date:** | Friday, February 28, 2025 6:45:06 PM |
| **Attachments:** | Outlook-patkn4ko.png |

Ms. Crain,

As you may know, I represent Dustin Etter in his lawsuit against Jerod Furr in the lawsuit in the 457th District Court of Montgomery County, Texas with Cause No. 24-07-11639. Among the issues in the lawsuit are issues related to the purchase, improvement, leasing, and ultimate loss of the property at 5450 Honea Egypt Rd., Montgomery, Texas 77316. I'm guessing you were retained because Mr. Furr is unhappy with the fact that the real estate agent he hired (who is also a defendant in the lawsuit) has apparently turned around gotten a contract on the property for $7,400,000 for the person who foreclosed on Mr. Furr's entity, which is in the range that Mr. Furr wanted to sell it for, right after Mr. Furr was foreclosed on.

It is my understanding that you have been represented by Jerod Furr for some purpose related to the Property. As you may be aware:

1. The property was originally put under contract in 2022 by Alliance Energy Partners, LLC ("AEP"), an entity in which my client has a 50% interest. AEP put down the earnest money and the option fee.
2. Right before the purchase, the buyer was switched to a new entity that Mr. Furr created, but AEP still paid the roughly $960,000 lump sum payment at closing and apparently all of the payments on the property.
3. Mr. Furr's entity seems to have failed to make the balloon payment on the property that was due in mid-2024.
4. Mr. Furr had the property listed for sale, but apparently could not sell it in time to avoid foreclosure on 1/7/2025.
5. Mr. Furr's entity apparently retained counsel first to try and enjoin the sale and then to stall it in bankruptcy, but an injunction was not granted and then a bankruptcy was filed, but not until apparently around 1 hour and 45 minutes after the foreclosure sale was done at around 10 AM on 1/7/2025.

Also, it seems highly unlikely that Mr. Furr or any related entity would have the funds to retain you related to the property except through the impermissible use of funds misappropriated from my client or an entity in which my client claims an interest. *See Caplin & Drysdale v. United States*, 491 U.S. 617, 626 (1989); *see also* Texas Disciplinary Rule of Professional Conduct R. 1.15. Please consider this notice that any funds that Mr.

Exhibit 1

Furr or any related entity may pay you is money in which my client directly or derivatively has an interest. While I certainly don't begrudge any lawyer getting paid and taking a fee, and if you were hired for what I'm guessing you were hired for it in some sense possibly be better for my client your client to own the property so that it can be fought over between our clients than owned by a third party, it is an issue when it seems like the fee could not be paid from any source other than my client or a fund in which my client has an interest.

Thanks,

Noah Meek
Senior Counsel
Irelan McDaniel, PLLC
2520 Caroline, 2nd Floor | Houston, Texas  77004
Phone: 713.222.7666 | Fax: 713.222.7669
www.IMTexasLaw.com



IRELAN McDANIEL
PLLC

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute, or use the message in any manner; and (iii) notify the sender immediately.

Exhibit 1