IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUSTIN ETTER, et al, | § | |
| *Plaintiffs and Counter-Defendants,* | § | |
| | § | |
| v. | § | Adversary No. 25-03382 |
| | § | |
| JEROD P. FURR, et al., | § | |
| *Defendants and Counter-Plaintiffs..* | § | |

## DEFENDANTS AND COUNTER-PLAINTIFFS'
## EMERGENCY MOTION TO REMAND THE REMOVED ADVERSARY
## PROCEEDING AND MOTION FOR EXPEDITED CONSIDERATION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR TO THE REQUEST FOR EXPEDITED CONSIDERATION, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE MOTION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Defendants and Counter-Plaintiffs Jerod P. Furr, individually, and AE Partners Holdings,

Inc., AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC (collectively, "Movants"),[1]

---

[1]Debtors Alliance Energy Partners, LLC and Alliance Farm and Ranch, LLC do not join in this Motion. Movants' counsel has moved to withdraw from the representation of those two entities and does not appear for them in connection with this Motion.

file this Emergency Motion to Remand the Removed Adversary Proceeding and Motion for Expedited Consideration (the "Motion"), and respectfully show as follows:

**I.**

**SUMMARY OF THE MOTION AND RELIEF REQUESTED**

1.    This adversary proceeding is, at bottom, a dispute among non-debtors over the ownership, control, and management of several non-debtor entities, asserting only Texas common-law and statutory causes of action. It originated as a state-court lawsuit filed on or about August 5, 2024, in the 457th Judicial District Court of Montgomery County, Texas, styled *Dustin Etter, et al. v. Jerod P. Furr, et al.*, Cause No. 24-07-11639 (the "State Court Action"), and remained pending in that court for approximately nine months before it was removed to this Court on May 20, 2025.

2.    The Debtors' Chapter 11 plan has now been confirmed, no appeal has been taken, and title to the debtor entities has been transferred. With confirmation, the bankruptcy estates have ceased to exist, and this Court's post-confirmation subject-matter jurisdiction has correspondingly contracted. The claims and counterclaims at issue do not concern the interpretation, implementation, consummation, execution, or administration of the confirmed plan; they would exist, and did exist, wholly apart from the bankruptcy.

3.    For the reasons set forth below, Movants request that the Court (a) remand this adversary proceeding to the 457th Judicial District Court of Montgomery County, Texas, pursuant to 28 U.S.C. § 1452(b); (b) alternatively, abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1); (c) alternatively, dismiss this proceeding for lack of post-confirmation subject-matter jurisdiction; and (d) dissolve the agreed temporary injunction orders entered in this adversary proceeding upon remand, the Court's jurisdiction to maintain that interlocutory relief having lapsed. Movants further request that the Court consider this Motion on an expedited basis.

## II.

### JURISDICTION AND STATUTORY PREDICATES

4.     This is a contested matter. The statutory predicates for the relief requested are 28 U.S.C. § 1452(b) (remand), 28 U.S.C. § 1334(c)(1) (permissive abstention), and 28 U.S.C. §§ 1334 and 157 (subject-matter jurisdiction). To the extent the Court must exercise jurisdiction to determine whether it possesses jurisdiction and to enter an order of remand, abstention, or dismissal, it may do so.

## III.

### FACTUAL AND PROCEDURAL BACKGROUND

5.     The State Court Action was filed on or about August 5, 2024, in the 457th Judicial District Court of Montgomery County, Texas. The petition asserted exclusively Texas-law claims, including conversion, breach of fiduciary duty, fraud by non-disclosure, civil conspiracy, and piercing the corporate veil, and sought a temporary restraining order, temporary and permanent injunctive relief, and money damages.

6.     The State Court Action remained pending in the Montgomery County district court for approximately nine months, during which that court was engaged with the parties and the dispute, before it was removed to this Court on May 20, 2025, and docketed as the above-captioned adversary proceeding, Adversary No. 25-03382.

7.     The operative pleadings in this adversary proceeding assert only state-law claims. The counterclaims and third-party claims, brought against Dustin Etter and various non-debtor third parties, include breach of fiduciary duty, conversion, tortious interference with existing contracts, misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, defamation, business disparagement, breach of contract, and knowing participation in breach of fiduciary duty. A jury trial has been demanded in this adversary proceeding.

8.     During the pendency of this adversary proceeding, the Court entered agreed temporary injunction orders (Adv. Docs. 23 and 62) granting interlocutory injunctive relief in aid of the adversary proceeding.

9.     The Debtors' plan has been confirmed, no appeal has been taken from confirmation, and ownership of the debtor entities has been transferred. There is no longer any bankruptcy estate to be administered, and no recovery in this proceeding is committed by the plan to the satisfaction of creditor claims under the plan.

## IV.
### ARGUMENT AND AUTHORITIES

A.  **After Confirmation, This Court's Subject-Matter Jurisdiction Has Contracted, and These Non-Debtor State-Law Claims Fall Outside It.**

10.    A bankruptcy court's jurisdiction derives from 28 U.S.C. §§ 1334 and 157. After a Chapter 11 plan is confirmed, the estate ceases to exist, and bankruptcy jurisdiction contracts to matters concerning the implementation or execution of the plan. As the Fifth Circuit held in *Bank of Louisiana v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Texas, Inc.)*, 266 F.3d 388, 390–91 (5th Cir. 2001), after confirmation "the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan."

11.    In *Craig's Stores*, the Fifth Circuit affirmed dismissal of a post-confirmation, state-law contract dispute for lack of jurisdiction because no facts or law deriving from the reorganization or the plan was necessary to the claim, and the dispute principally concerned post-confirmation relations between the parties. 266 F.3d at 390–91. The court rejected the contentions that the pre-confirmation existence of a contract, its assumption under the plan, or the effect of a recovery on plan distributions sufficed to confer post-confirmation jurisdiction. *Id.*

12.     Courts applying this contracted post-confirmation standard ask whether there is a "close nexus" between the proceeding and the confirmed plan. *See Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166–67 (3d Cir. 2004) (at the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process, and there must be a close nexus to the bankruptcy plan or proceeding). Matters affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus; a "bare factual nexus" or the mere possibility of augmenting a recovery does not. Id. at 167, 170.

13.     The Fourth Circuit reached the same conclusion in *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 836–38 (4th Cir. 2007), holding that a post-confirmation adversary asserting state-law breach-of-contract and tortious-interference claims fell outside the bankruptcy court's jurisdiction because the claims would have existed apart from the bankruptcy and bore no close nexus to the confirmed plan.

14.     This proceeding is materially indistinguishable. The claims and counterclaims are ordinary Texas common-law and statutory claims among non-debtors concerning ownership, control, competition, and the alleged diversion of non-debtor business assets. They would have, and did have, an existence entirely apart from the bankruptcy, having been filed in state court well before removal. Resolving them will not require this Court to interpret or enforce the confirmed plan. Accordingly, this proceeding lacks the close nexus required for post-confirmation jurisdiction.

15.     Nor can any retention-of-jurisdiction provision in the plan or confirmation order supply jurisdiction that 28 U.S.C. § 1334 does not otherwise confer. *See Valley Historic*, 486 F.3d at 837 (neither the parties nor the bankruptcy court can create § 1334 jurisdiction by inserting a retention-

of-jurisdiction provision in a plan if jurisdiction is otherwise lacking); *In re Resorts Int'l*, 372 F.3d at 161 (neither the bankruptcy court nor the parties can write their own jurisdictional ticket).

### B. The Court Should Equitably Remand the Proceeding Under 28 U.S.C. § 1452(b).

16. Under 28 U.S.C. § 1452(b), a court "may remand such claim or cause of action on any equitable ground." The standard is broad, and the remand decision is committed to the court's discretion. Courts in this district weigh factors including: (i) the effect on the efficient administration of the estate; (ii) the predominance of state-law issues; (iii) the difficulty or unsettled nature of applicable state law; (iv) comity; (v) the degree of relatedness to the main bankruptcy case; (vi) the existence of a right to a jury trial; (vii) prejudice to involuntarily removed parties; (viii) forum non conveniens; and (ix) judicial economy.

17. Each of these considerations favors remand. The claims are state-law claims. Following confirmation, there is no estate whose administration could be affected. The dispute bears little or no relationship to the confirmed plan. A jury trial has been demanded, and this Court cannot conduct a jury trial in this non-core proceeding absent the consent of all parties, which is not present. The State Court Action was pending in Montgomery County for approximately nine months before removal, so that the state court is already familiar with the parties and the dispute, and comity and judicial economy favor returning the matter to the court that first had it. Remand will prejudice no party and will allow the dispute to be tried in its natural forum.

### C. Alternatively, the Court Should Abstain Under 28 U.S.C. § 1334(c)(1).

18. Permissive abstention under 28 U.S.C. § 1334(c)(1) is available "in the interest of justice, or in the interest of comity with State courts or respect for State law." The factors governing permissive abstention substantially overlap with the equitable-remand factors. For the same reasons set forth above, i.e., the predominance of state-law issues, the absence of any

meaningful connection to estate administration following confirmation, the prior pendency of the dispute in the state court, comity, and the demanded jury trial, for these reasons abstention is warranted should the Court decline to remand.

### D. **Alternatively, the Court Should Dismiss for Lack of Subject-Matter Jurisdiction.**

19.    If the Court concludes that it lacks post-confirmation subject-matter jurisdiction and that remand is unavailable, the appropriate disposition is dismissal. *See Craig's Stores*, 266 F.3d at 391 (affirming vacatur and dismissal of the adversary proceeding for lack of post-confirmation jurisdiction); *Valley Historic*, 486 F.3d at 839 (remanding with instructions to dismiss for lack of subject-matter jurisdiction). A bankruptcy court has an independent and continuing obligation to examine its subject-matter jurisdiction at every stage of the proceeding, and a plan's retention provision does not relieve it of that duty.

### E. **Upon Remand, the Agreed Temporary Injunction Orders Should Be Dissolved.**

20.    The agreed temporary injunction orders entered in this adversary proceeding (Adv. Docs. 23 and 62) are interlocutory relief granted in aid of an adversary proceeding that this Court no longer has jurisdiction to adjudicate. Once the Court relinquishes jurisdiction, whether by remand, abstention, or dismissal, it is divested of authority over the proceeding and may take no further action in it. *See Browning v. Navarro*, 743 F.2d 1069, 1078–79 (5th Cir. 1984) (remand terminates the jurisdiction of the federal court over the case, which is "completely divested of jurisdiction"); *Hughes v. Gen. Motors Corp.*, 764 F. Supp. 1231, 1237–38 (W.D. Mich. 1991) (once a court relinquishes jurisdiction on remand it "is without power to take any further action" in the case).

21.    Because the agreed temporary injunctions rest entirely on this Court's now-lapsed jurisdiction over the adversary proceeding, and because no bankruptcy estate remains for that

interlocutory relief to protect, the orders should be dissolved upon remand. Dissolution is the disposition most consistent with the contracted scope of post-confirmation jurisdiction discussed above and avoids leaving in force interlocutory injunctions entered by a court that no longer has power over the case. The parties' respective rights to seek injunctive relief may be presented to the 457th Judicial District Court of Montgomery County in the ordinary course following remand.

### F. **Expedited Consideration Is Warranted.**

22.    Movants request expedited consideration of this Motion. With confirmation complete and the estates dissolved, the continued litigation of these state-law claims in this forum imposes ongoing burden and expense on the parties, delays adjudication of the demanded jury trial in the proper forum, and risks proceedings in a court whose post-confirmation jurisdiction is, at minimum, doubtful. Prompt resolution of the threshold questions of remand, abstention, and jurisdiction will conserve the resources of the parties and the Court and permit the dispute to proceed without further delay in the appropriate forum. Movants respectfully request that the Court set this Motion for hearing on an expedited basis at the Court's earliest convenience.

## V.
## PRAYER

WHEREFORE, Movants respectfully request that the Court

a) grant expedited consideration of this Motion;

b) remand this adversary proceeding to the 457th Judicial District Court of Montgomery County, Texas, pursuant to 28 U.S.C. § 1452(b);

c) alternatively, abstain from hearing this proceeding pursuant to 28 U.S.C. § 1334(c)(1);

d) alternatively, dismiss this proceeding for lack of subject-matter jurisdiction;

e) dissolve the agreed temporary injunction orders entered in this adversary proceeding (Adv. Docs. 23 and 62) upon remand; and

f) grant Movants such other and further relief, at law or in equity, to which they may be justly entitled.

Dated: June 1, 2026.

Respectfully submitted,

E-MERGER LAW, PLLC

/s/ Deborah L. Crain

Deborah L. Crain
SBN: 24067319
1334 Brittmoore, Suite 2314
Houston, Texas 77043
dcrain@e-merger.law
(346) 535-0818

Attorney for Jerod P. Furr, Individually, AE Partners Holdings, Inc., AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC

**CERTIFICATE OF CONFERENCE**

I hereby certify that on June 1, 2026, I conferred, or attempted to confer, with counsel for Dustin Etter and the other parties regarding the relief requested in this Motion, and the relief requested is opposed.

*/s/ Deborah L. Crain*

Deborah L. Crain

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing Motion was served upon all parties registered to receive electronic notice in these jointly administered cases and the above-captioned adversary proceeding via the Court's CM/ECF system, and upon any parties not so registered by United States mail, first class, postage prepaid, at their last known addresses.

*/s/ Deborah L. Crain*

Deborah L. Crain